**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Daniel BYARS, Defendant-
Appellant.**

**No. 14401.**

United States Court of Appeals
Sixth Circuit.

May 30, 1961.

Dale M. Quillen, Nashville, Tenn., for defendant-appellant, Philip M. Carden, Nashville, Tenn., on the brief.

Beverly M. Medley, Asst. U. S. Atty., Nashville, Tenn., for plaintiff-appellee, Fred Elledge, Jr., U. S. Atty., Nashville, Tenn., on the brief.

Before McALLISTER, CECIL and O'SULLIVAN, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Defendant-Appellant, John Daniel Byars, was convicted by a jury on two counts of an indictment, each of which charged him with violation of Sections 5205(a) (2) and 5604(a) (1) of Title 26, U.S.C.A. (unlawful possession of distilled spirits). He asks reversal on this appeal on the following alternative grounds: first, that the indictment should have been dismissed; second, that his acquittal should have been directed; third, that he should get a new trial; fourth, that the sentence imposed was illegal; and, fifth, that he was denied the right to make a statement prior to sentence.

■ As to his second and third positions, we are satisfied that there was ample evidence for submission of the case to the jury; that the district judge, under appropriate instructions, properly submitted an asserted defense of entrapment, and that errors relied upon for a new trial are without merit. No purpose would be served by a discussion of these claims. We consider other matters as follows:

■ *Claimed insufficiency of indictment.* The indictment charged violation of Sections 5205(a) (2) and 5604(a) (1) of Title 26, U.S.C.A., but employed the language of Section 2803(a), Title 26, U.S.C.A., (I.R.C.1939) now repealed. It is claimed that the indictment, therefore, did not describe any offense. We have recently ruled against a like contention in the case of Flatt v. United States, 6 Cir., 1961, 287 F.2d 42. We there followed the decision of Smith v. United States, 5 Cir., 1957, 241 F.2d 267 in holding that an indictment like the one before us sufficiently charged the crimes defined in the code sections cited.

■ *Illegality of sentence.* On March 30, 1960, the district judge, in open court announcement of sentence, committed appellant to a term of three years imprisonment on each count, such sentences to run concurrently. On the same day, the district judge signed a Judgment and Commitment which imposed the same concurrent sentences and also directed that such sentences were to run consecutively to a five year sentence which had previously been imposed on appellant on another conviction. Execution of the sentences thus imposed was suspended pending hearing of defendant's motion for new trial.

On April 29, 1960, defendant, by motion to correct judgment, asked that the Judgment and Commitment of March 30, 1960, be corrected by striking therefrom the provision that the sentences thereby imposed were to run consecutively to the earlier sentence. Such motion was bottomed upon the conflict between the sentences as announced in open court and those recited in the Judgment and Commitment. On September 29, 1960, the defendant and his counsel were in open court and the district judge announced his decision on various pending motions. His oral discussion stated his conclusion that the portion of his previous Judgment and Commitment which provided that the sentences imposed should run consecutively to an earlier sentence, "must be stricken." He then announced his opinion that inasmuch as the defendant had not commenced service of the sentences originally imposed, the court still had the power to make such change in the sentences as he considered appropriate. He thereupon again imposed concurrent sentences of three years on each count and directed that such sentences be served consecutively to the sentence previously imposed for another offense.

Defendant argues that the court was without power to do this. The defendant had not then, and still has not, begun service of any sentence imposed for the conviction here involved. Under such circumstances, the district judge had the power to resentence the defendant, increasing its severity. Cisson v. United States, 4 Cir., 1930, 37 F.2d 330, 332; Hatem v. United States, 4 Cir., 1930, 42 F.2d 40, certiorari denied 282 U.S. 887, 51 S.Ct. 103, 75 L.Ed. 782; Acme Poultry Corp. v. United States, 4 Cir., 1944, 146 F.2d 738, certiorari denied 324 U.S. 860, 65 S.Ct. 865, 89 L.Ed. 1417; Kelley v. United States, 4 Cir., 1956, 235 F.2d 44; Rowley v. Welch, 1940, 72 App.D.C. 351, 114 F.2d 499.

■ *Failure to accord defendant opportunity to make statement prior to sentence.* Prior to the open court imposition of sentence on March 30, 1960, there was an extended colloquy between the court and defense counsel, but it does not appear that any inquiry was made of defendant directly as to whether he wished to say anything before imposition of sentence on him. The following colloquy concluded the district judge's resentencing of defendant on September 29, 1960:

"So the defendant being present in court at this time with his attor-

ney, the court will now direct that an appropriate judgment and order be entered imposing the sentence upon defendant in the same terms as heretofore imposed at the time the sentence was announced but providing that the sentence shall run consecutively to the sentence in Nashville Criminal No. 12,680.

"The order will be prepared to this effect, and I would like for the order to set out fully the authorities which I have cited from the bench to support the proposition.

"Mr. Quillen: May it please the court, we will file a notice of appeal within the time allowed.

"The Court: In this same connection, I might point out and would like for the order to show that it appears in this record that the defendant in no sense of the word has entered upon a service of the sentence. He was not taken into custody of the Marshal and was not under sentence at any time. Therefore, he did not serve the sentence in part, and under these authorities the court has this power.

"Now, your statement."

 On January 27th of this year, the Supreme Court in Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L. Ed.2d 670, has made it clear that Rule 32(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., is not complied with by providing a defendant's counsel, in the presence of defendant, with the opportunity to make a statement. The defendant, himself, must be given such opportunity and some conduct of the court must let the defendant know that he, as well as counsel, has this right. Notwithstanding that the district judge exhibited conscientious concern for the rights of this defendant, and listened to an extended statement from his counsel, the mentioned rule was not observed with the nicety commanded by Green v. United States, supra. No inquiry was made directly of defendant himself, either on March 30th or September 29th, as to whether he wished to make a statement in his own behalf before sentence was imposed. The court's remark on September 29th after sentence had been imposed. "Now, your statement," apparently addressed to counsel, did not satisfy the rule.

The judgment of conviction is affirmed and the cause is remanded for the district court to resentence defendant after compliance with Rule 32(a).