STATE of Utah, Plaintiff and Appellee,

v.

Joe Reginal ANDERSON, Defendant
and Appellant.

No. 940149.

Supreme Court of Utah.

Dec. 13, 1996.

HOWE, Justice:

Defendant Joe Reginal Anderson appeals from his convictions of aggravated sexual assault and interference with a peace officer making a lawful arrest. He was sentenced in absentia, which he contends denied him due process. He also assails a jury instruction given by the trial court.

## FACTS

Defendant, a transient, was charged by information with aggravated sexual assault, a first degree felony, for allegedly forcing his way into a portable toilet with another transient, severely beating her, and forcing her to perform sexual acts. He was also charged with interference with a peace officer making a lawful arrest, a class B misdemeanor, for bolting past the officer who attempted to arrest him at the scene of the crime and fleeing. Anderson was arrested after a chase and search involving several officers.

The prosecution reported at pretrial conference that it could not locate the victim. The court consequently ordered that the proceedings be continued and that Anderson be released to pretrial services conditioned upon his waiver of extradition from any state should he flee the jurisdiction. Anderson later moved for permission to visit his parents in Las Vegas, Nevada. The court granted the motion upon Anderson's written and oral agreement to be tried in his absence should he fail to appear for trial. Although Anderson contacted pretrial services shortly before the trial date, he subsequently disappeared. The trial proceeded in his absence, as agreed to in his signed waiver, and the jury found him guilty on both counts.

Anderson still had not appeared at the time of sentencing. The court proceeded with sentencing after receiving memoranda on absentia sentencing and over defense counsel's objection. The court imposed a minimum mandatory prison sentence of ten years to life for aggravated sexual assault and six months in jail for interference with a peace officer making a lawful arrest, to run concurrently. Anderson appeals.

## STANDARD OF REVIEW

This appeal involves only questions of law which we review for correctness. *State v. Ramirez*, 817 P.2d 774, 782 (Utah 1991). "Controlling Utah case law teaches that 'correctness' means the appellate court decides the matter for itself and does not defer in any degree to the trial judge's determination of law." *State v. Pena*, 869 P.2d 932, 936 (Utah 1994) (citations omitted).

## ANALYSIS

### A. Jury Instruction and Failure to Object

Defendant contends that the trial court erred in giving jury instruction 27. The instruction stated as elements of aggravated sexual assault that defendant performed or attempted to perform sexual acts with or upon the victim without her consent and that in the course of the act defendant either

3. . . .

 a. caused bodily injury to [the victim]; or

 c. [sic] compelled or attempted to compel [the victim] to submit to submit [sic] to rape, forcible sodomy, or forcible sexual abuse by threat of kidnapping, death, or serious bodily injury to be inflicted imminently on any person; and

4. That the defendant did so knowingly or intentionally or recklessly.

Defendant failed to object to the instruction at the trial, even when specifically queried by the court. Now, however, he objects to the inclusion of "recklessly" as a culpable mental state.

Utah Rule of Criminal Procedure 19(c) provides:

No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury is instructed, stating distinctly the matter to which he objects and the ground of his objection. Notwithstanding a party's failure to object, error may be assigned to instructions in order to avoid a manifest injustice.

Under the guidance of this rule, we have been very reluctant to review jury instruc-

tions and other matters not preserved for appeal by means of an objection at trial. In *State v. Medina,* 738 P.2d 1021 (Utah 1987), we declined to review a challenged jury instruction under the manifest error exception to rule 19(c) even though, in retrospect, the instruction seemed ill-advised. We noted that the defendant's counsel consciously chose not to object and "affirmatively led the trial court to believe that there was nothing wrong with the instruction." *Id.* at 1023. In *Medina,* as in the instant case, defense counsel read the instruction and then affirmatively stated that she had no objection. We found no "occasion to reach that issue because it was not properly preserved below." *Id.; see also State v. John,* 770 P.2d 994, 995 (Utah 1989). Finally, in *State v. Dunn,* 850 P.2d 1201 (Utah 1993), we emphasized, "We have held repeatedly that on appeal, a party cannot take advantage of an error committed at trial when that party led the trial court into committing the error." *Id.* at 1220 (footnote omitted). There we explained that this rule, known as the "invited error" doctrine, serves two purposes. "First, it fortifies our long-established policy that the trial court should have the first opportunity to address the claim of error. Second, it discourages parties from intentionally misleading the trial court so as to preserve a hidden ground for reversal on appeal." *Id.* (citations omitted).

In the instant case, the trial court gave defendant ample opportunity to object to jury instruction 27, and he failed to do so. Consequently, we hold, consistent with our previous cases, that this defendant " 'cannot lead the court into error by failing to object and then later, when he is displeased with the verdict, profit by his actions.' " *Parsons v. Barnes,* 871 P.2d 516, 520 (Utah 1994) (quoting *State v. Smith,* 776 P.2d 929, 932 (Utah.Ct.App.1989)).

Defendant further argues, "It would be manifestly unjust and deny appellant due process of law to incarcerate him for a crime that should not be recognized in Utah, i.e., reckless aggravated sexual assault," apparently attempting to invoke the exception to rule 19(c). Defendant's brief sets forth the culpable mental states specified or implied for sex crimes and argues that recklessness does not appear among them. He then seeks

to establish manifest injustice by relying on *State v. Vigil,* 842 P.2d 843 (Utah 1992), and *State v. Haston,* 846 P.2d 1276 (Utah 1993), for the proposition that an accused cannot be prosecuted for a crime the state does not recognize. The jury instruction in *Haston* permitted the jury to consider attempted depraved indifference homicide, a crime which our holding in *Vigil* declared to be unrecognized in Utah and which is, prima facie, logically inconsistent since attempt is always an intent crime. *Vigil,* 842 P.2d at 845–46 ("[W]e ... construe the intent language in paragraph (2) to limit the attempt statute to offenses with a mental state of 'intent.' ").

■ As we explained in *State v. Verde,* 770 P.2d 116 (Utah 1989):

> [W]hen faced with a claim that a particular assertion of instructional error not raised at trial should be considered on appeal because failure to do so would result in manifest injustice under Utah Rule of Criminal Procedure 19(c), we will determine whether to review such a claim of error under the same standard we use when determining the presence of plain error under Utah Rule of Evidence 103(d).

That standard is two-pronged. First, the error must be "obvious." Second, the error must be of sufficient magnitude that it affects the substantial rights of a party.

Assuming that the first prong is met in the instant case, it is clear to us that the second prong cannot be met. The undisputed facts are that the victim's injuries were the result of an intentional beating and sexual assault, which defendant himself insists must statutorily and logically always be knowing or intentional. He has not been convicted of a crime not recognized in this state. Consequently, we conclude that no "manifest injustice" will result from our holding.

### B. *Sentencing in Absentia*

■ While Anderson admits to waiving his right to be present at trial, he objects through counsel to his sentencing in absentia, asserting that this violated his rights to due process and to allocution. Utah Constitution article I, section 12 guarantees the right of

an accused to appear and defend in person against any cause against him. Utah Rule of Criminal Procedure 22 implements the constitutional right, providing:

(a) . . . .

Before imposing sentence the court shall afford the defendant an opportunity to make a statement and to present any information in mitigation of punishment, or to show any legal cause why sentence should not be imposed. . . .

(b) On the same grounds that a defendant may be tried in defendant's absence, defendant may likewise be sentenced in defendant's absence.

The grounds for trial in defendant's absence are set forth in Utah Rule of Criminal Procedure 17, which states in relevant part:

In prosecutions for offenses not punishable by death, the defendant's voluntary absence from the trial after notice to defendant of the time for trial shall not prevent the case from being tried and a verdict or judgment entered therein shall have the same effect as if defendant had been present[.]

Utah R.Crim.P. 17(a)(2). Therefore, under the Rules of Criminal Procedure, a defendant not accused of a capital crime waives his right to be present at sentencing by voluntary absence.

However, Anderson does not contend that he was sentenced in violation of the rules. Rather, he relies on *State v. Young,* 853 P.2d 327 (Utah 1993), for the proposition that the right to allocution is absolute. *Black's Law Dictionary* 76 (6th ed. 1990) defines allocution as the

[f]ormality of court's inquiry of defendant as to whether he has any legal cause to show why judgment should not be pronounced against him on verdict of conviction; or, whether he would like to make a statement on his behalf and present any information in mitigation of the sentence. . . .

(Citation omitted.) Anderson's reliance on *Young* is misplaced. In that case, the trial court denied the right to address the jury to a capital defendant who was present at trial. Young did not waive his right to allocution by

a voluntary absence from the trial and sentencing as provided by the Rules of Criminal Procedure, and therefore that case has no relevance here.

 Any waiver of the right to be present "must be voluntary and involve an intentional ·relinquishment of a known right." *State v. Wagstaff,* 772 P.2d 987, 990 (Utah.Ct. App.1989). However, "[i]f [defendant's] absence is deliberate without a sound reason, the trial may start in his absence." *Id.* (citations omitted). To intentionally relinquish the right to be present, the defendant must have notice of the proceedings. *United States v. McPherson,* 421 F.2d 1127, 1130 (D.C.Cir.1969). In addition, his absence must be voluntary in the sense that he is free to attend, not incarcerated elsewhere. *State v. Houtz,* 714 P.2d 677, 678 (Utah 1986). Anderson does not argue that he was not at liberty to attend the sentencing. He had notice of the scheduled trial date and executed a written waiver of his right to be present. He did not, however, have official notice of the sentencing date since he had severed contact with both his own attorney and the prosecution. In *Brewer v. Raines,* 670 F.2d 117, 119 (9th Cir.1982), the court addressed the trial and sentencing of a defendant who, like Anderson, absconded after having notice of the trial date. The court there stated that a court may hold trial when a defendant "voluntarily waives his presence before the trial commences":

The same reasoning applies to the presence of the defendant at his sentencing. To hold that the Constitution permits a person to be tried and convicted while voluntarily absent, and yet, somehow, precludes the sentencing *in absentia* of the same person would be, to say the least, anomalous.

The defendant in *Brewer* was informed of his trial date and of the fact that his trial could be held in absentia in case of his voluntary absence. The court concluded that the defendant's

failure to know of the continued dates of his trial and his date of sentencing is directly attributable to his failure to keep in contact with the court and his attorney. A defendant cannot be allowed to keep him-

self deliberately ignorant and then complain about his lack of knowledge. *Id.* But see *United States v. DeValle*, 894 F.2d 133, 138 (5th Cir.1990) ("defendant *must* be present at sentencing" (citation omitted)).

■ We agree with the Ninth Circuit Court. Anderson knew of the date of his trial and had, in fact, been in contact with pretrial services up to a few days before. He does not argue that he was not at liberty to attend the trial. Had he maintained contact with pretrial services and with his attorney, as was his duty, he would have known of the sentencing date. Therefore, his voluntary absence operated as a waiver of his right to be present. "It is not only the right of the defendant to be present, but is a duty which the statute imposes upon him, and he usually will not be permitted to take advantage of his own misconduct...." *State v. Aikers*, 87 Utah 507, 514, 51 P.2d 1052, 1056 (1935); accord *State v. Wagstaff*, 772 P.2d 987, 990 (Utah.Ct.App.1989). The right to allocution is nowhere specifically granted in either the state or the federal constitution. It is an inseparable part of the right to be present, which defendant waived by his voluntary absence. The law cannot force a right upon a defendant who turns his back upon it.

Practical considerations also mitigate in favor of in absentia sentencing in this case. As the State points out, defendant might possibly absent himself for years. Meanwhile, the judge could go on to other responsibilities or retire, and the eventual sentencing would have to be performed by a judge who was unfamiliar with the case and had no access to the relevant information. At the very least, it would be a waste of judicial resources to repeat a sentencing hearing simply due to defendant's caprice. As we noted in *State v. Myers*, 29 Utah 2d 254, 508 P.2d 41, 42–43 (1973):

In the administration of justice a court cannot be rendered helpless and impotent by the devious and cunning ways adopted by the defendant.... To hold to the contrary would permit a mischievously in-

clined defendant to profit by his own wrongdoing and would be unfair to those individuals accused of crime who are not inclined to abscond, because the courts would tend to revoke bail and hold all defendants in custody to assure their presence at all times during the trial.

*Accord State v. Lee*, 585 P.2d 58, 59 (Utah 1978).

In *State v. Verikokides*, 925 P.2d 1255 (Utah 1996), the defendant absented himself from the jurisdiction for eight years following conviction, during which time the trial record was lost or destroyed, the victim moved out of state, and the defendant's counsel died. When the defendant was finally brought before the court for sentencing, he argued that the circumstances made a meaningful appeal impossible and that therefore he was entitled to the grant of a new trial.[1] The trial court denied the grant, and we affirmed, observing that the denial was "not a sanction or punishment for his flight but [was] an unavoidable result of his long absence from the jurisdiction." We quoted *State v. Tuttle*, 713 P.2d 703, 705 (Utah 1985), for the proposition that in some circumstances, a defendant's absence from the jurisdiction can occasion the loss of a criminal appeal right, and we concluded that the "defendant must bear the consequence of his illegal acts." *Id.* at 1258. The same reasoning applies here.

Finally, the Eleventh Circuit has held that a showing of prejudice is necessary to uphold a due process challenge against an in absentia proceeding. *Dasher v. Stripling*, 685 F.2d 385, 387–88 (11th Cir.1982). The court of appeals stated: "The [trial court] concluded that the defendant's right to be present at all stages of his trial, absent a voluntary waiver, is absolute. So holding, the court erred, for it should have required the defendant to show that he was prejudiced by his absence from the trial." *Id.* at 387. It stands to reason that a defendant cannot demand repetition of a trial or sentencing in which he suffered no unfairness. Although Anderson argues that he was deprived of his right of allocution, he does not specify what

---

1. Ironically, counsel for Verikokides contended in the oral argument before this court that the state had a *duty* to sentence Verikokides in ab-

sentia so that he could have filed a notice of appeal in absentia before the lapse of time made appeal impossible.

damages he suffered thereby or what benefit he hopes to reap from a new sentencing. Review of the trial transcripts convinces us that the court made every effort to do justice to defendant in his absence and conscientiously avoided any possibility of prejudice. The court examined mitigating and aggravating factors to the best of its ability. Defendant was not present to speak for himself because he voluntarily waived that right.

We affirm the conviction, judgment, and sentence of the trial court.

ZIMMERMAN, C.J., and DURHAM and RUSSON, JJ., concur.

STEWART, Associate C.J., does not participate herein.