OPINION
In this accelerated calendar case, appellant, Marlene Nahhas, appeals from the judgment of the Warren Municipal Court entered on November 16, 1999. Appellant was convicted of selling alcohol to a minor in violation of R.C. 4301.22. Appellee, the City of Warren, has failed to file a brief in violation of App.R. 18(C). The following facts are relevant to a determination of this appeal.
On February 12, 1999, Detective William Boldin of the Warren Police Department was checking various retail locations for possible violations of the state liquor laws. At approximately 8:40 p.m., he drove by the Z J Market in Warren, Ohio. As he drove by, he saw a young-looking male exit a vehicle to enter the store. The young man was wearing a Howland school jacket. The detective turned his vehicle around and parked it in a position from which he could see into the store, including the cash register and the counter. The detective had a pair of binoculars which enhanced his view. The detective observed the young man place beer on the counter and purchase it. The detective observed appellant make the sale.
The young man exited the store and got back into a vehicle which drove away. The detective stopped the vehicle a few blocks from the store. He established that the young man who purchased the beer was underage and arrested him. The young man was released to another police officer who took him to the police station. The detective returned to the store to issue appellant a summons. Approximately ten or eleven minutes had transpired since the young man had exited the store, until the detective returned to issue the summons.
When he returned to the store to issue a summons, appellant was entirely uncooperative. Her husband intervened and forbade her to cooperate. More officers were called to the scene. Ultimately, both appellant and her husband were arrested. Appellant's husband was charged with obstructing official business, resisting arrest, and later, with intimidation of a witness.
The intimidation of a witness charge against appellant's husband was ultimately dismissed by the prosecution prior to trial for the reason that "[t]he facts don't meet up to the standard of the legal definition of that." The charge apparently arose out of several conversations that occurred between appellant's husband and the father of the young man who purchased the beer. The primary basis for the charge appears to be that appellant's husband threatened to sue the young man's father. The young man's testimony regarding the identification of the person who sold him the beer was hotly contested at trial. He had made prior statements that he could not identify the person who sold him the beer, and that appellant was not the person who sold him the beer.
A bench trial was conducted on November 16, 1999. At the trial, appellant testified that a beer sale was made at approximately 8:40 p.m., but, that it was not made to the young man the detective arrested, rather it was made to a different individual. The defense called a witness, Mark Schuler, who testified that his cousin bought the beer in question at 8:40 p.m. Appellant testified this was the only beer sale made in the relevant time frame. She also testified that she was in the store doing bookwork at the time the sale was made, not behind the register. She testified that the sale at 8:40 p.m. was made by her friend, Bermundy Sullivan, who was working behind the register at that time. Ms. Sullivan was not an employee rather, just a friend who helped when needed. Thus, there is no written record of her being there at that time. Ms. Sullivan did not testify at the trial. Appellant testified that at 8:45 p.m. she replaced Ms. Sullivan behind the cash register and consequently was standing there when the detective came back to the store to issue the citation.
After the close of evidence, the court made a finding of guilty from the bench. The court stated the only witness it found credible was the detective. The court referred to the other witnesses as "a bunch of liars." Upon making the finding of guilt, the court proceeded immediately to sentencing. The court asked the prosecutor whether appellant had a prior criminal record. Other than that question, the court asked no other questions prior to pronouncing sentence, nor asked whether the prosecutor wished to make a statement regarding sentencing. Likewise, neither appellant nor appellant's attorney were asked whether they wished to address the court prior to sentencing. Appellant made no objections during this procedure. Appellant was sentenced to sixty days in jail, fifty being suspended, and to pay a $500 fine and costs. From this judgment, appellant timely filed notice of appeal.
In her first assignment of error, appellant argues the finding of guilt was against the manifest weight of the evidence. "In determining whether the verdict was against the manifest weight of the evidence, `* * * [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *'"State v. Davis (1988), 49 Ohio App.3d 109, 113, quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175.
In her argument, appellant emphasizes that the testimony of the young man who purchased the beer was thoroughly impeached as a result of his prior inconsistent statements. Appellant also argues that the detective's view into the store was obscured, and that he would not have been able to make an accurate identification from his vantage point. Appellant also maintains that there was no sale of beer to the state's witness at 8:40 p.m., rather, the beer was sold to someone else. Appellant also maintains that she did not make the sale at 8:40 p.m., but took over behind the register at 8:45 p.m.
The trial court found only one witness, the detective, credible, and based its judgment on his testimony. The identification testimony of the young man was not necessary or essential to a finding of guilt. The detective testified unequivocally that he clearly saw appellant sell beer to the young man, whom he immediately followed and arrested. The detective returned to the store approximately ten minutes later to cite appellant. The detective recognized appellant as the same person he witnessed selling the beer. In contrast to this testimony, appellant maintains first, that no sale was made to the young man the detective arrested, and second, that the sale at 8:40 p.m. was made by a friend who happened to be running the register as a favor. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts to determine. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. In resolving the conflicts in the evidence, we cannot say the trier of fact clearly lost his way or created a manifest miscarriage of justice. Appellant's first assignment of error is without merit.
In appellant's second assignment of error, she argues the trial court abused its discretion in denying her motion for a new trial filed pursuant to Crim.R. 33(B). Appellant argues she is entitled to a new trial because her defense was prepared on the basis of anticipated exculpatory testimony from the young man who purchased the beer. Contrary to the defense's claimed expectation, at trial, the young man identified appellant as the person who sold him the beer. Appellant argues this was a "surprise" which ordinary prudence could not have guarded against, and the testimony was prejudicial to the defense.
A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. Crim.R. 33(A)(3) provides that a new trial may be granted if "an accident or surprise
which ordinary prudence could not have guarded against" materially affects the defendant's substantial rights. State v. LaMar (Aug. 13, 1998), Lawrence App. No. 95CA31, unreported, 1998 Ohio App. LEXIS 3881, 61. "It is clear from the language of Crim.R. 33 that a new trial is not to be granted unless it affirmatively appears from the record that a defendant was prejudiced by one of the grounds stated in the rule, or was thereby prevented from having a fair trial. See Crim.R. 33(E)." Columbusv. Carroll (Aug. 27, 1996), Franklin App. No. 96APC01-90, unreported, 1996 Ohio App. LEXIS 3660, 12-13.
Appellant claims to have been surprised by the young man's testimony. However, the testimony, or potential testimony, of the young man was a source of controversy in this matter from the outset. Appellant was originally charged in this matter on February 12, 1999. A pretrial conference was conducted on May 6, 1999. The trial took place on November 16, 1999. The record reveals that at the pretrial conference in May, the prosecution was surprised to discover that the young man was going to testify appellant was not the person who sold him the beer. The detective then took a statement from the young man wherein the young man revealed that appellant's husband had contacted his father and met with him and was influencing his testimony. Appellant's husband was threatening to sue the young man's father. The young man stated that when he said at the pretrial appellant was not the one who sold him the beer, he did so "because I don't want anything to happen to my family, my dad, or his business. I'm afraid of what Joe will do."
This statement was in the possession of the defense prior to trial and, in fact, the defense used it to impeach the credibility of the young man when he testified. Appellant's husband had been charged with intimidation of a witness as a result of his activity. That case was set for trial on the same day appellant's case was tried, and was dismissed by the prosecution immediately prior to the commencement of the trial in this matter. Appellant's claim that the testimony surprised her is disingenuous.
Secondly, the law in no way guarantees that a party will know what the testimony of an individual will be before trial, even one of a party's own witnesses. See State v. LaMar (Aug. 13, 1998), Lawrence App. No. 95CA31, unreported, 1998 Ohio App. LEXIS 3881, at 63.
Finally, in order for a new trial to be granted pursuant to Crim.R. 33, it must affirmatively appear from the record that the defendant was prejudiced by one of the grounds set forth in section (A) of the rule. The record reveals that the trier of fact based its finding on the testimony of the detective. The detective identified appellant as the person who sold the beer. This testimony is sufficient to sustain the conviction regardless of the young man's testimony, which was, in any case, discredited. Appellant's second assignment of error is without merit.
In appellant's third assignment of error, she contends the trial court erred in sentencing her to incarceration. Specifically, she contends the trial court abused its discretion by failing to consider all the sentencing factors set forth in R.C. 2929.22, and by considering the conduct of her husband in arriving at the sentence.
In support of this argument, appellant points out that upon making a finding of guilt, the trial court proceeded immediately to pronounce sentence, only asking the prosecutor if appellant had a prior record. Neither appellant nor her attorney were asked if they wished to address the court prior to sentencing. Appellant also states that the trial court had no information regarding the risk the defendant would commit another offense, or regarding appellant's history and character. Additionally, appellant asserts that the trial court, when it stated during sentencing that appellant was guilty and "the subsequent action of the Nahhases compounded that," it improperly considered the actions of her husband when imposing the sentence.
The imposition of sentence upon a criminal defendant is a matter which lies within the sound discretion of a trial court, and as a general proposition, an appellate court will not alter the trial court's exercise of that discretion if the imposed sentence falls within the statutory limits. Toledo v. Reasonover (1965), 5 Ohio St.2d 22, paragraph one of the syllabus. When a sentence is within the statutory guidelines, a reviewing court will presume that the trial judge followed the standards set forth in R.C. 2929.22 and 2929.12, absent a showing to the contrary of an abuse of discretion. State v. Conroy (Dec. 17, 1993), Geauga App. No. 92-G-1735, unreported, at 5.
When sentencing a defendant for a misdemeanor offense, the trial court must consider the factors enumerated in R.C. 2929.22. Id. However, the Supreme Court of Ohio has stated that nothing in the applicable statute, or in its decisions, requires a trial court to set forth its reasoning supporting a sentence for the record. State v. Cyrus (1992),63 Ohio St.3d 164, 166. A silent record raises the presumption that a trial court considered the factors contained in the sentencing statute.State v. Adams (1988), 37 Ohio St.3d 295, paragraph three of the syllabus. When an appellant fails to address these issues at trial, a presumption follows that the trial court considered these factors. Adams,supra, at 298. The burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria. Cyrus, supra, at 166.
No presentence investigation was done in this case. The court did note on the record that appellant engaged in actions that compounded the seriousness of the offense. The record indicates that appellant, upon being advised of her offense by the detective, completely refused to cooperate and, instead of receiving a summons, caused the detective to arrest her. This required the dispatch of additional officers to the scene. Furthermore, she participated in a meeting wherein a witness was being strongly encouraged to proclaim her innocence, under a threat of a lawsuit against the witness's father. The trial court also stated for the record that appellant showed no remorse or regret for the transaction. The trial court heard appellant's testimony during the trial, and in the course of the trial the events on the night of the arrest and the subsequent activity came to light. Thus, there was an evidentiary basis in the record for the court to draw conclusions with respect to appellant's character, condition, potential threat to the public, and need for correction.
Nevertheless, the trial court failed to provide appellant and her attorney an opportunity to address the court in accordance with Crim.R. 32. Under Crim.R. 32(A), the trial court has a duty to afford an accused the right to allocution. State v. Occhipinti (May 14, 1999), Lake App. No. 98-L-061, unreported, citing Defiance v. Cannon (1990),70 Ohio App.3d 821, 827. Crim.R. 32(A)(1) requires the trial court to afford the defendant and his attorney an opportunity to address the court by making a statement in the defendant's behalf before sentencing is pronounced. Crim.R. 32(A)(1) requires the court to "address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment," before the court pronounces its sentence. An accused's right to speak on his behalf is fulfilled where the conduct of the court is such that both the accused and his counsel know that each has an opportunity to speak before imposition of sentence. Defiance, at 828, citing United Statesv. Byars (C.A.6, 1961), 290 F.2d 515, 517.
In the present case, the trial court neglected to provide appellant or appellant's counsel an opportunity to address the court prior to sentencing. Consequently, we remand this matter for a sentencing hearing only, consistent with the applicable rules, statutes, and law.
 _______________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL
NADER, J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.