2003 UT 46

**STATE of Utah, Plaintiff and Petitioner,**

v.

**Anthony James WANOSIK, Defendant and Respondent.**

No. 20010809.

Supreme Court of Utah.

Oct. 24, 2003.

Rehearing Denied Oct. 29, 2003.

Mark L. Shurtleff, Att'y Gen., Jeanne B. Inouye, Asst. Att'y Gen., Nicholas D'Alesandro, Salt Lake City, for plaintiff.

Joan C. Watt, Catherine E. Lilly, Andrea J. Garland, Salt Lake City, for defendant.

### ON CERTIORARI TO THE UTAH COURT OF APPEALS

DURHAM, Chief Justice:

¶ 1 Petitioner, the State of Utah, appeals the decision of the Utah Court of Appeals vacating respondent Anthony Wanosik's sentence and remanding for resentencing. The court held the State had not met its burden of proof with respect to the voluntariness of Wanosik's absence. In addition, the court held the trial court did not comply with the requirements of Utah Rule of Criminal Procedure 22(a), and that the defendant's due process rights regarding sentencing were violated.

### BACKGROUND

¶ 2 The facts of this case are largely uncontested. Wanosik was stopped after a police officer saw him place something in his pocket while rummaging through donated items at a Deseret Industries store in Salt Lake City. A computer check revealed the defendant had an outstanding warrant, and he was arrested. A search incident to the arrest found knives, drug paraphernalia, three containers and two bags of suspected methamphetamine, and a bag of suspected marijuana on Wanosik's person. Wanosik pled guilty to two misdemeanor drug offenses. The trial court informed the defendant that the sentencing hearing would be held on May 26, 2000 at 8:30 a.m. Wanosik was not specifically informed that failure to appear at the sentencing might result in sentencing in absentia.

¶ 3 The court also ordered Wanosik to contact Adult Probation and Parole (AP & P) for preparation of a presentence report. He did so, and AP & P recommended that Wanosik be sentenced to twenty days in jail with credit for time served and that he participate in a substance abuse treatment program.

¶ 4 Wanosik failed to appear at the sentencing hearing, which occurred as scheduled. He was, however, represented by counsel. Upon the court's calling defendant's name and receiving no response, defense counsel requested time to locate the absent defendant before the court issued an arrest warrant. Counsel suggested Wanosik "was intending to show up" because he had appeared for his presentence report, the presentence report was favorable, and thus "he would have had no reason to try and avoid court today," and "he may have simply written down the wrong date."

¶ 5 Denying defense counsel's request, the court proceeded with sentencing, stating:

I think in the meantime, counsel, given [Wanosik's] failure to appear I will terminate his pretrial release, issue a warrant for his arrest returnable forthwith no bail. My inclination is to sentence him today, and I recognize you would prefer that I did not, but I am inclined to do so. It is curious that he has failed to appear today, *although I can only assume because he has not been in touch with you nor has he been in touch with my court that he has chosen to voluntarily absent himself from these proceedings.*

Consequently, it is the judgment and sentence of this Court that he serve the term provided by law in the adult detention center of one year for the class A misdemeanor crime of attempted possession of a controlled substance, and six months for the possession of a controlled substance, a misdemeanor charge to which he has pled guilty. I will order that those terms be served concurrently and not consecutively, and that they be imposed forthwith.

Ms. Garland, in the event he is in touch with you or shows up before he's arrested, then you may approach me, but in the meantime, Mr. D'Alesandro, you prepare the findings of fact[,] conclusions of law

and order determining voluntary absent compliance, and that will be the order.

(Emphasis added).

¶ 6 Upon hearing the trial court impose the statutory maximum on each count, rather than the period of incarceration recommended by AP & P, Wanosik's attorney immediately objected, stating:

Ms. Garland: Judge, I would object to that order because I don't think that it takes into account his due process rights or his rights about—

The court: Right.

Ms. Garland: However, I realize that's your order.

The court: Your objection is noted. I'll grant him credit for the eight days he served originally awaiting imposition or a resolution.

Ms. Garland: All right.

The court: All right, thank you, Ms. Garland.

¶ 7 Although present, the prosecutor said nothing throughout the sentencing and was only addressed when directed to prepare the court's findings of fact and conclusions of law. Wanosik was eventually arrested pursuant to the sentencing warrant.

¶ 8 Wanosik appealed his sentence to the court of appeals. That court vacated the sentence and remanded the case for resentencing, finding that the trial court failed to conduct a proper inquiry to determine if the defendant's absence was indeed voluntary, violated Utah Rule of Criminal Procedure 22(a) by imposing sentence without affording either the prosecutor or defense counsel an opportunity to address information relevant to sentencing, and imposed the maximum sentence possible on the defendant, contrary to the recommendations of the pre-sentence report and based only on the defendant's absence. *State v. Wanosik,* 2001 UT App 241, ¶¶ 37–39, 31 P.3d 615. We granted the State's petition for a writ of certiorari.

## STANDARD OF REVIEW

■ ¶ 9 The State asks us (1) to review the court of appeals's requirement for a preliminary inquiry before a trial court may

proceed with in absentia sentencing, (2) to clarify the application of Utah Rule of Criminal Procedure 22, and (3) to evaluate the trial court's basis for Wanosik's maximum sentence.

On certiorari, we review the decision of the court of appeals, not the decision of the trial court. In doing so, this court adopts the same standard of review used by the court of appeals: questions of law are reviewed for correctness, and the trial court's factual findings are reversed only if clearly erroneous.

*State v. Harmon,* 910 P.2d 1196, 1199 (Utah 1995) (citation omitted).

## ANALYSIS

¶ 10 On appeal, the State's arguments fall into two primary categories: (1) in absentia sentencing, and (2) the function and limits of rule 22.

## I. IN ABSENTIA SENTENCING

¶ 11 The State contests the requirements imposed by the court of appeals on the prosecution in criminal cases to prove the voluntariness of the defendant's absence. We thus focus on what constitutes a reasonable inquiry at the time a defendant is sentenced in absentia.

¶ 12 The court of appeals outlined a procedure whereby it concluded that sentencing in absentia could be accomplished without a violation of defendant's constitutional rights. The court properly noted that defendants have the right to be present at all stages of the criminal proceedings against them and that it is the burden of the prosecution to show that an absent defendant has knowingly and voluntarily waived that right before sentencing in absentia can proceed. *Wanosik,* 2001 UT App 241 at ¶¶ 10, 21, 31 P.3d 615 (citing *State v. Anderson,* 929 P.2d 1107, 1109–11 (Utah 1996)); *State v. Wagstaff,* 772 P.2d 987, 989–90 (Utah Ct.App. 1989). Therefore, the court of appeals determined that, absent any direct evidence at a sentencing hearing of the reason for a defendant's absence, the hearing should "ordinarily" be continued to permit both the prosecution and defense counsel to seek additional

information. It then identified a half dozen potential "avenues for establishing voluntariness," including inquiries of law enforcement, hospitals, employers, and others with supervisory or security interests in the defendant's appearance, such as bail bond companies or pretrial services personnel. *Wanosik,* 2001 UT App 241 at ¶ 23, 31 P.3d 615. Given that the burden of proof regarding waiver remains with the prosecution, the court of appeals suggested that it might make these inquiries, but obviously contemplated that defense counsel would do the same. The court then concluded that "[o]nce inquiry appropriate to the case has been made, and a compelling reason for the defendant's absence remains unknown, voluntariness, while not guaranteed, may then be properly inferred." *Id.,* at ¶ 23. The State argues that the foregoing process places too heavy a burden of production on the prosecution and that, having established the "knowing" element of waiver by proving notice, the State is entitled to a presumption of the "voluntary" element based solely on the defendant's nonappearance. This approach would properly, according to the State, shift the burden to absent defendants to produce evidence of non-voluntariness.

¶ 13 We do not believe that our precedent permits an automatic presumption in favor of waiver of a constitutional right rather, we find that the reasonable inquiry process identified by the court of appeals is a salutary one. In *State v. Houtz* this court observed:

A defendant charged with a crime is entitled to be present at all stages of trial. The right to appear and defend in person is a constitutional one, but may be waived under certain circumstances if the defendant voluntarily absents himself from the trial. *However, that voluntariness may not be presumed by the trial court.... The trial court made inadequate inquiry into defendant's ability to appear ... before deciding that he had waived his right to be present at trial.*

714 P.2d 677, 678 (Utah 1986) (emphasis added) (citations omitted).

¶ 14 In *Wagstaff,* the court of appeals stated that "[v]oluntariness is determined by considering the totality of the circum-

stances," 772 P.2d at 990, a standard that clearly contemplates some form of inquiry appropriate to the facts of the case, as required by the court of appeals in this case. The defendant in *Wagstaff* was known by the trial judge to have intentionally left the state and failed to stay in touch with his counsel and his parole officer, thus rendering his non-appearance at trial entirely the result of his own misconduct. He was not, as was the defendant here, automatically presumed to be absent voluntarily based solely on his non-appearance at a hearing. More recently, in *Anderson,* this court considered the case of a defendant who had severed contact with his own attorney and with the prosecution. *Anderson,* 929 P.2d at 1110. Citing several cases involving wrongdoing or misconduct on the part of absent defendants, the court reasoned "that in some circumstances, a defendant's absence from the jurisdiction can occasion the loss of a criminal appeal right" and "the 'defendant must bear the consequences of his illegal acts.' " *Id.* at 1111 (quoting *State v. Verikokides,* 925 P.2d 1255, 1258 (Utah 1996)).

¶ 15 The foregoing review of our precedent persuades us that the State is incorrect in arguing that an automatic presumption of voluntariness may be applied based on nothing more than non-appearance at a hearing of which a defendant had notice. Instead, the question of voluntariness is highly fact-dependent, is tied to the totality of circumstances in particular cases, and, where there is virtually no explanation for an absence, requires some form of inquiry by the trial court. The prosecution, which must bear the burden of proof regarding waiver, would be well served to assist the court in its inquiry by providing at least some minimal evidence that the defendant is not incarcerated. Contact with hospitals, however, another "avenue" mentioned by the court of appeals, would seem unwarranted unless there was some reason specific to the case (e.g., a defendant with a chronic illness or a history of severe disability). Trial courts are well-positioned to assess what questions need to be asked and answered before voluntariness can

be properly inferred, and we think the State's concern about unduly burdensome inquiries is misplaced. In the average case, the trial court may simply instruct defense counsel to attempt to contact the defendant or persons familiar with the defendant to see if an explanation for the non-appearance emerges, and the prosecutor to ascertain if the defendant is incarcerated. Should those inquiries disclose no evidence of involuntary absence, we agree with the court of appeals that "[o]nce inquiry appropriate to the case has been made, and a compelling reason for the defendant's absence remains unknown, voluntariness ... may then be properly inferred." *Wanosik,* 2001 UT App 241 at ¶ 23, 31 P.3d 615. It is true that continuances in hearings will occasionally be required, but they need not be of long duration, and we think fairness and constitutional procedure require them. Alternatively, at least in sentencing hearings, a trial court might apply a conditional presumption without a voluntariness inquiry, but indicate on the record that the sentence will be automatically set aside and a new hearing conducted if the defendant appears and rebuts the presumption.

## II.  RULE 22

¶ 16 The State also appeals the court of appeals' interpretation and application of rule 22 of the Utah Rules of Criminal Procedure.[1] The State disagrees with the court of appeals's holding based on rule 22(a) requiring trial courts to provide both defense counsel and prosecutor an opportunity to be heard regarding sentencing in the absence of a specific request.

¶ 17 Rule 22 states:

Before imposing sentence *the court shall afford the defendant an opportunity* to make a statement and to present any information in mitigation of punishment, or to show any legal cause why sentence should not be imposed. The prosecuting attorney shall also be given an opportunity to present any information material to the imposition of sentence.

---

1. We do not decide whether a rule 22(a) error constitutes an "illegal sentence, or a sentence imposed in an illegal manner" subject to review and correction "at any time," as addressed in rule 22(e), since resolving it is unnecessary in this case. *See* Utah R.Crim. P. 22(e).

Utah R.Crim. P. 22(a) (emphasis added). The State contests the court of appeals' interpretation regarding the definition of "the defendant," and the extent of the trial court's duty concerning "the court shall afford ... an opportunity."

### A. "The Defendant"

■ ¶ 18 Rule 22(a) codifies the common-law right of allocution, allowing a defendant to make a statement in mitigation or explanation after conviction but before sentencing. *See State v. Maestas*, 2002 UT 123, ¶ 46, 63 P.3d 621. Historically, criminal defendants did not have the assistance of counsel, and therefore exercised this right personally. *See generally Ferguson v. Georgia*, 365 U.S. 570, 574, 81 S.Ct. 756, 5 L.Ed.2d 783 (1961). The constitutional guarantee of a right to counsel has altered this situation, and counsel often functions as the voice of the defendant before the court. As Justice Stewart stated, "the defendant has a lawyer at his side who speaks fully on his behalf." *Green v. United States*, 365 U.S. 301, 306, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961) (Stewart, J., concurring). While we recognize that there are times, such as allocution, where the voice of the individual defendant is most appropriate in the presentation of a personal plea, *State v. Young*, 853 P.2d 327, 354–55 (Utah 1993) ("The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself."), we have treated both voices, that of the defendant and that of counsel, as forming one unit of the defense. *See State v. McClendon*, 611 P.2d 728, 729 (Utah 1980).

■ ¶ 19 The State argues that rule 22(a) requires only that the court affirmatively offer an opportunity to the defendant personally to address the court before sentencing and that defense counsel is presumed aware of the opportunity to address the court on behalf of his/her client. While it is true that one purpose of the right to allocute is to provide the defendant personally with an opportunity to address the court, another purpose is to ensure that the judge is provided with reasonably reliable and relevant information regarding sentencing. *See State v. Howell*, 707 P.2d 115, 118 (Utah 1985) ("The

due process clause of Article 1, Section 7 of the Utah Constitution, requires that a sentencing judge act on reasonably reliable and relevant information in exercising discretion in fixing a sentence."). Often the specific arguments of defense counsel are critical in ensuring the court is presented with such information and with some context in which to consider it. Furthermore, rule 22(a) mandates that the court afford a defendant the opportunity not only to exercise the right to allocute, but also to present any information that might mitigate the sentence or indicate that sentence should not be imposed. *Maestas*, 2002 UT 123 at ¶ 46, 63 P.3d 621. Since counsel acts as the defendant's advocate, the rule therefore also requires that defense counsel be given an opportunity to make a statement and present any information in mitigation of punishment. *See generally State v. Casarez*, 656 P.2d 1005, 1007 (Utah 1982) ("Sentencing is a critical stage of a criminal proceeding at which a defendant is entitled to the effective assistance of counsel."). Thus, affording defense counsel the opportunity to make a statement and provide information in mitigation of sentence ensures that a defendant is afforded the Sixth Amendment right to counsel. *See id.*

■ ¶ 20 Wanosik's absence from the courtroom did not eliminate the need for an opportunity to present evidence relevant to sentencing, it only rendered irrelevant his personal right to address the court. "The right to allocution is nowhere specifically granted in either the State or the federal constitution. It is an inseparable part of the right to be present, which defendant waived by his voluntary absence. The law cannot force a right upon a defendant who turns his back upon it." *State v. Anderson*, 929 P.2d 1107, 1111 (Utah 1996). However, the opportunity to present mitigating information relevant to sentencing through counsel is unaffected by the defendant's personal exercise of defendant's right to allocution. We thus find that the reference to "the defendant" in rule 22(a) includes not only the defendant personally, but also the defendant's counsel.

### B. "The Court Shall Afford ... An Opportunity"

¶ 21 We believe that the "shall afford" language in the statute requires the court to

affirmatively provide the defense an opportunity to present mitigating information concerning sentencing. Since rule 22 stems from the common-law right of allocution, cases regarding the court's treatment of allocution are instructive in defining the statute's terms. The United States Supreme Court interprets language similar to the Utah statute in the federal rules as instructing trial courts to affirmatively provide an opportunity for mitigating information. "[T]rial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *Green v. United States*, 365 U.S. 301, 303 n. 1, 305, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961) (interpreting the predecessor to the current Federal Rule of Criminal Procedure dealing with allocution, which in pertinent part read, "[b]efore imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment.")

¶ 22 The weight the Supreme Court places upon affirmatively providing an opportunity for the defendant to speak before sentencing is mirrored in the language of the current federal rule regarding mitigating information at sentencing. The rule reads:

Before imposing sentence, the court must:

(i) provide the defendant's attorney an opportunity to speak on the defendant's behalf;

(ii) address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence; and

(iii) provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney.

Fed.R.Crim.P. 32(i)(4)(A)(i)-(iii). The federal system clearly envisions the court affirmatively furnishing the defense, both the defendant and counsel, an opportunity to speak, and does not require that a request be made before the opportunity is afforded. *See United States v. Sisti*, 91 F.3d 305, 310 (2d Cir.1996); *United States v. Byars*, 290 F.2d 515, 517 (6th Cir.1961); *State v. Koon*, 190 W.Va. 632, 440 S.E.2d 442, 451 (1993). Importantly, the prosecution is also guaranteed an opportunity to present information to the court relevant to sentencing, ensuring fairness and balance in the sentencing process. Utah R.Crim. P. 22(a).

¶ 23 This court need not, of course, follow the application of federal rules or federal case law. However, when we are asked to define terms found in our rules and statutes, we often look to other jurisdictions with similar language for guidance. It seems clear, from both the plain language of rule 22 and the approach of other jurisdictions with similar rules, that the "shall afford" language requires trial courts to affirmatively provide the defense an opportunity to address the court and present reasonably reliable and relevant information in the mitigation of a sentence. A simple verbal invitation or question will suffice, but it is the court which is responsible for raising the matter. As stated in *Byars*, "[t]he defendant, himself, must be given such opportunity and *some conduct of the court* must let the defendant know that he, *as well as counsel*, has this right." *Byars*, 290 F.2d at 517 (emphasis added). Thus, we affirm the court of appeals' ruling, and hold that both the defendant and counsel shall be affirmatively afforded an opportunity to make a statement, present any information in mitigation of punishment, or show any legal cause why sentence should not be imposed; we further note that the same affirmative obligation exists vis-a-vis the prosecution. Utah R.Crim. P. 22(a).

## CONCLUSION

¶ 24 We affirm the court of appeals' conclusion rejecting the trial court's automatic presumption of voluntariness based solely on the unexplained absence of a defendant who has been notified of the date and time of sentencing. We also agree that a reasonable inquiry, appropriate to the case, must be preliminarily made before a defendant's inexplicable absence may then be inferred to be voluntary.

¶ 25 Furthermore, we affirm the court of appeals holding regarding Utah Rule of Criminal Procedure 22(a): the rule encompasses both the defendant and his counsel, and trial courts have an affirmative duty to

provide both an opportunity to address the court and present information relevant to sentencing before imposing sentence.[2]

¶ 26 We therefore affirm the judgment of the court of appeals.

¶ 27 Associate Chief Justice DURRANT, Justice WILKINS and Justice PARRISH concur in Chief Justice DURHAM'S opinion.

¶ 28 Justice RUSSON did not participate herein; Third District Judge RONALD E. NEHRING sat.

NEHRING, Judge, concurring in the result:

¶ 29 I concur in the opinion of Chief Justice Durham. I write separately to calm those who may fear that the "avenues for establishing voluntariness" of a defendant's absence from a sentencing hearing will prove to be congested avenues contributing to gridlock for all concerned, especially prosecutors. The Chief Justice has attempted to allay anxiety by correctly observing that where a voluntariness inquiry is conducted, the exercise is unlikely to prove unduly strenuous. I submit, however, that because sentencing in absentia is, for many sound reasons, a seldom used practice, the legal principles which we announce today and the procedures which they compel will be stored in the closets of trial judges and retrieved only on unusual occasions.

¶ 30 As a practical matter, few, if any, economies are realized by in absentia sentencing. The occasions when a prosecutor has forewarning that a defendant will not be present for sentencing are rare. It would make little sense for a prosecutor, therefore, to appear at a sentencing hearing prepared to carry his burden on the voluntariness of a defendant's absence. The inevitable result would be continuance of the sentencing hearing. Where, as in the case of Mr. Wanosik, the in absentia sentence is harsher than that recommended in the presentence report, the defendant is likely to request a hearing to challenge it. There is, therefore, little if any efficiency to be gained by sentencing a defendant in absentia.

¶ 31 Crime victims have a statutory right to appear and be heard at sentencing. A defendant's failure to appear for sentencing for whatever reason may be particularly distressing for victims. Nevertheless, the objective of permitting a victim to appear and be heard at sentencing is served in large measure by having the victim's words, be they of mercy or condemnation, fall on the ears of the defendant himself.

¶ 32 In short, I concur in the view of the Chief Justice concerning the scope of necessary safeguards for a practice which should, except in highly unusual circumstances, continue to be avoided by trial judges.

¶ 33 Associate Chief Justice DURRANT and Justice PARRISH concur in the concurring opinion of Judge NEHRING.

---

**2.** The State also takes issue with the court of appeals' decision to remand for re-sentencing on due process grounds, arguing that the court of appeals' decision to remand overlooks record evidence supporting the trial court's ruling and disregards the presumption of regularity properly accorded to proceedings of the trial court.

The court of appeals noted that "[d]ue process considerations underscore the propriety of our remand for re-sentencing." *Wanosik,* 2001 UT App 241 at ¶ 12, 31 P.3d 615. Our decision to vacate the sentence on other grounds precludes the need to consider the due process argument.