2015 UT App 290

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
CAMERON SILVEIRA,
Appellant.

Memorandum Decision
No. 20141107-CA
Filed December 3, 2015

Third District Court, Tooele Department
The Honorable Robert W. Adkins
No. 101300430

Linda M. Jones and Julie J. Nelson, Attorneys
for Appellant

Sean D. Reyes and Kris C. Leonard, Attorneys
for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES JOHN A. PEARCE and KATE A. TOOMEY
concurred.

ORME, Judge:

¶1 Appellant Cameron Silveira (Defendant) pled guilty to attempted manslaughter and possession or use of a firearm by a restricted person, each a third degree felony, and obstruction of justice, a second degree felony. *See* Utah Code Ann. §§ 76-5-205, 76-4-102(1)(e), 76-10-503, 76-8-306(3)(a) (LexisNexis 2012 & Supp. 2014). As summarized by the district court, each count included a dangerous-weapon enhancement under the plea agreement. *See id.* § 76-3-203.8(2) (LexisNexis 2012). He now appeals his sentence for those crimes. We affirm.

¶2     In August 2010, Defendant shot his brother in the head. The brother survived. Defendant was initially charged with one count of attempted murder, with a dangerous-weapon enhancement; two counts of obstruction of justice; two counts of witness tampering; and one count of possession or use of a firearm by a restricted person. At Defendant's preliminary hearing, the brother refused to testify. The district court had the brother held as a material witness and continued the preliminary hearing. Over the course of the next four months, the preliminary hearing was continued several more times, and the brother, who continued to refuse to testify, remained in jail as a material witness.

¶3     In April 2011, Defendant and the State reached a plea agreement under which Defendant pled guilty to attempted manslaughter, obstruction of justice, and possession or use of a firearm by a restricted person, all with dangerous-weapon enhancements. The State, in return, agreed to seek dismissal of the remaining charges, recommend credit for time served, and recommend a particular prison sentence. The district court accepted the pleas, finding that they were made freely and voluntarily and that Defendant understood the ramifications the pleas could have on sentencing. The court then turned its attention to sentencing, explaining to Defendant that he had a right to be sentenced in not less than two days and not more than forty-five days. *See* Utah R. Crim. P. 22(a). Defendant waived the time for sentencing, preferring to be sentenced forthwith, and the district court imposed the sentence that the State had agreed to recommend and did, in fact, recommend.

¶4     Before announcing sentence, the district court specifically explained to Defendant that if he waived the time for sentencing, he would "never have an opportunity to file" "a motion to attempt to withdraw [his] guilty pleas in this case." Defendant's counsel at the time further explained to him, "That just means that you can't take this back, if he sentences you now." Defendant's response was, "Then we have nothing to worry about, then transport me." Rather than accept Defendant's

invitation to immediately transport him to prison, the district court took the time to "hear from counsel and the defendant." At that point, defense counsel explained the circumstances surrounding the charged conduct: Defendant and his brother were in a heated argument, and Defendant had no intention of hurting his brother. He claimed that Defendant accepted responsibility for his actions and felt remorse for his conduct. These points were driven home when Defendant directly addressed the court, reiterating his remorse and lack of intent in hurting his brother.

¶5    Despite the opportunity Defendant had to address the court and explain any potentially mitigating factors, he now appeals, arguing that he was not advised "that he had the right to have his brother (the victim) testify at the sentencing hearing." He also argues, with the help of new counsel on appeal, that his prior counsel was ineffective for failing to explain Defendant's right to present mitigating evidence at sentencing and for failing to affirmatively request that Defendant be afforded his right to do so. Defendant acknowledges that neither of these alleged errors was preserved for appeal, and he therefore seeks our review under the plain-error and ineffective-assistance-of-counsel doctrines, as well as under rule 22 of the Utah Rules of Criminal Procedure. *See State v. Weaver*, 2005 UT 49, ¶ 18, 122 P.3d 566; Utah R. Crim. P. 22(e).

¶6    We first consider whether the district court plainly erred by failing to explicitly inform Defendant that he had a right to have his brother testify at sentencing. To succeed on a claim of plain error,

> the appellant must show the following: (i) An error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant, or phrased differently, our confidence in the [outcome of the proceeding] is undermined.

*State v. Dunn*, 850 P.2d 1201, 1208–09 (Utah 1993). In Defendant's view, an error occurred when the district court accepted Defendant's waiver of the time for sentencing without informing Defendant "that he had the right to have witnesses speak in mitigation of his sentence."

¶7    Defendant clearly had a right to allocution. *See* Utah R. Crim. P. 22(a); *State v. Wanosik*, 2003 UT 46, ¶ 23, 79 P.3d 937 (indicating that the sentencing court must "affirmatively provide the defense an opportunity to address the court and present reasonably reliable and relevant information in the mitigation of a sentence" and that "it is the court which is responsible for raising the matter"). But what is notably missing from Defendant's brief is reference to any statute, case, or rule suggesting that the conduct of the district court did not satisfy the allocution requirement. At sentencing, the district court indicated that it would hear from Defendant and his counsel, and then it did so. Considering that even "[a] simple verbal invitation or question will suffice" to meet the court's burden of affirmatively providing Defendant the right to allocute, *see Wanosik*, 2003 UT 46, ¶ 23, the district court's in-court invitation to hear from Defendant and his counsel was sufficient, especially where both then addressed the court.

¶8    As to Defendant's more particular challenge, that the district court should have informed him of his rights "before obtaining the rule 22(a) waiver," we are unconvinced. As Defendant himself recognizes, "Importantly, the court must ensure that the defendant is afforded these rights *at the time of sentencing*." (Defendant's emphasis omitted; our emphasis added.) Indeed, we have found no authority that requires a sentencing court, *before* accepting a waiver of the time for sentencing, to advise a defendant of his right to allocution or to present mitigating evidence from third parties at the time of sentencing. Thus, because the district court invited and accepted statements from both Defendant and his counsel, and because there is no requirement that a sentencing court advise a defendant of the right to allocution before a sentencing hearing,

there was no error. Because there was no error, we need not consider the other components of plain-error review. *See Dunn*, 850 P.2d at 1209 ("If any one of these requirements is not met, plain error is not established.").[1]

¶9    We next address Defendant's claim that his counsel performed deficiently by not informing Defendant of his right to present mitigating evidence at sentencing and by not affirmatively advocating for the exercise of that right.

> To show ineffective assistance of counsel under the standards in *State v. Templin*, 805 P.2d 182, 186 (Utah 1990), a defendant must show (1) that counsel's performance was so deficient as to fall below an objective standard of reasonableness and (2) that but for counsel's deficient performance there is a reasonable probability that the outcome . . . would have been [more favorable to Defendant].

*State v. Smith*, 909 P.2d 236, 243 (Utah 1995) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Because both deficient performance and resulting prejudice are requisite elements of an ineffective assistance of counsel claim, a failure to prove either element defeats the claim." *State v. Hards*, 2015 UT App 42, ¶ 18, 345 P.3d 769. We therefore first determine whether Defendant was prejudiced by any claimed deficiencies in his counsel's performance.

¶10    For purposes of our analysis, we assume Defendant is correct that defense counsel should have advised him "of his rights in mitigating the sentence" and should have "introduce[d] mitigating evidence through [the brother]'s testimony at the

---

1. We note that even if the district court had erred in this regard, Defendant would nevertheless be unable to demonstrate prejudice. *See infra* ¶¶ 10–11.

sentencing hearing." We further assume the following: Had defense counsel informed Defendant of his rights prior to Defendant waiving the time for sentencing, Defendant would not have waived the time requirements set forth in rule 22 of the Utah Rules of Criminal Procedure; had Defendant been sentenced at a later time, his brother would have been released from jail and available to testify; Defendant's brother would have agreed to testify as to sentencing even though he was not otherwise willing to testify; and his brother would have testified favorably to Defendant. Noting that these are generous assumptions, we nevertheless make them to demonstrate what would have had to happen for Defendant's optimal sentencing scenario to fall into place.

¶11 Even if all these circumstances had been different, as assumed, one important fact would remain the same: Defendant and the State agreed on a recommended sentence as part of his plea agreement, and the district court imposed that very sentence. We cannot see how, given this agreement between the parties, there is any likelihood that Defendant's sentence would have been different with the benefit of his brother's testimony. And this falls far short of the standard that Defendant must "show a reasonable probability that the outcome of his sentencing hearing would have been different but for counsel's failure." *See Parsons v. Barnes*, 871 P.2d 516, 527 (Utah 1994). Defendant therefore cannot demonstrate prejudice and, accordingly, his ineffective-assistance claim fails.

¶12 Finally, we address Defendant's separate but related claim that his "sentence was imposed in an illegal manner, in violation of rule 22(e) of the Utah Rules of Criminal Procedure." Rule 22(e) provides the remedy for illegal sentences—the correction of the same—and thus we assume that Defendant means to argue that because the district court allegedly violated rule 22(a) by "obtain[ing] a waiver of the waiting period for sentencing without informing [Defendant] of his full rights under the law," we should use rule 22(e) to correct the sentence. *See* Utah R. Crim. P. 22(a), (e). But this argument is quickly

resolved with reference to our plain-error analysis. *See supra* ¶ 8. Rule 22(a) does not require a sentencing court to inform Defendant of any right to allocution before waiver of the time for sentencing. Instead, it requires that sentencing take place "not less than two nor more than 45 days after the verdict or plea" unless the defendant agrees otherwise. Utah R. Crim. P. 22(a). *And* it requires the court to "afford the defendant an opportunity to make a statement and to present any information in mitigation of punishment." *Id.* These are distinct requirements and do not operate as Defendant suggests. Because the district court obtained Defendant's waiver of the time for sentencing *and* afforded Defendant his right to allocution, Defendant's sentence is not "an illegal sentence, or a sentence imposed in an illegal manner," and we have no occasion to correct it. *See id.* R. 22(e).

¶13    The district court ensured that Defendant was afforded his rights at sentencing. He was informed of, and waived, the time for sentencing. He was given, and took advantage of, the opportunity to allocute and present mitigating information. There was no error in the district court's subsequent decision to impose the sentence that had been agreed upon by the State and Defendant.

¶14    Affirmed.

————