IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110198-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (July 12, 2012) |
| Osman Mohammad Noor, | ) | |
| | ) | 2012 UT App 187 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake Department, 091905211
The Honorable Judith S. Atherton

Attorneys:     Brittany D. Enniss and Michael R. Sikora, Salt Lake City, for Appellant
                    Mark L. Shurtleff and Michelle I. Young, Salt Lake City, for Appellee

-----

Before Judges McHugh, Orme, and Thorne.

THORNE, Judge:

¶1     Osman Mohammed Noor appeals his convictions for burglary, *see* Utah Code Ann. § 76-6-202 (Supp. 2011), forcible sexual abuse, *see id.* § 76-5-404, and lewdness, *see id.* § 76-9-702.  Noor argues that the State failed to present sufficient evidence that he had the requisite intent to commit lewdness or forcible sexual abuse, or burglary premised on either of those offenses.  We affirm.

¶2     Noor and the victim in this case, J.E., lived across the hall from each other in an apartment building in Salt Lake City.  J.E. was the apartment manager for the building.  On May 28, 2009, shortly after the building's "quiet hours" began at 10:00 p.m., she

confronted Noor in the hallway about his loud music and other noisy behavior. As J.E. was about to reenter her own apartment, Noor walked past her and entered her apartment through its open door, without her invitation. Noor refused to leave and began disrobing, at which point J.E. called the police. Noor continued to remove his clothing and make sexually explicit advances toward J.E., claiming that "he was a man and that he loved [her]." Noor ignored J.E.'s physical and verbal objections, pulled J.E. on top of him, attempted to kiss her, simulated oral sex over her clothing, and reached his hand down the front of her pants and underwear. J.E. managed to push Noor away and run from her apartment as a police officer arrived in response to her call.

¶3    Noor was arrested and charged with one count each of burglary, forcible sexual abuse, and lewdness. At Noor's jury trial, the State called two witnesses, J.E. and the responding officer. On cross-examination, Noor's counsel elicited testimony from both witnesses about Noor's intoxication at the time of the incident and his limited English. No witnesses testified for the defense, and the defense strategy appeared to focus on discrediting J.E. At the close of trial, Noor's counsel made a motion for a directed verdict based on insufficiency of the evidence. The district court denied the motion, and the jury found Noor guilty of all charges.

¶4    On appeal, Noor argues that the State failed to present sufficient evidence to prove that he had the requisite intent to commit lewdness or forcible sexual abuse. He also argues that there was insufficient evidence that he entered or unlawfully remained in J.E.'s apartment with the intent to commit lewdness or forcible sexual abuse. When a defendant challenges a jury verdict for insufficiency of the evidence, "we review the evidence and all inferences which may be reasonably drawn from it in the light most favorable to the verdict." *See State v. Hirschi*, 2007 UT App 255, ¶ 15, 167 P.3d 503 (internal quotation marks omitted). We will reverse the jury's verdict "only when the evidence, so viewed, is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he was convicted." *See id.* (internal quotation marks omitted).

¶5    However, we will not consider issues on appeal that were not preserved below. *See generally 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (discussing preservation requirements). "In order to preserve an issue for appeal, it must be . . . *specifically* raised such that the issue is sufficiently raised to a level of consciousness

before the trial court . . . [so as to give] the trial court an opportunity to address the claimed error, and if appropriate, correct it." *State v. Santonio*, 2011 UT App 385, ¶ 29, 265 P.3d 822 (omissions and alteration in original) (internal quotation marks omitted), *cert. denied*, 275 P.3d 1019 (Utah 2012). "The mere mention of an issue without introducing supporting evidence or relevant legal authority does not preserve that issue for appeal." *State v. Brown*, 856 P.2d 358, 361 (Utah Ct. App. 1993) (internal quotation marks omitted).

¶6     Noor's insufficiency of the evidence argument on appeal rests largely on factual allegations—some of which he apparently raises for the first time on appeal—regarding his cultural background. Noor was born in Somalia and fled to refugee camps in Kenya at the age of twelve. He lived there for the next seventeen years before coming to the United States. Noor argues on appeal that, as abhorrent as it seems within our own culture, subjugation and domination of women is acceptable and even encouraged in the highly patriarchal Somali culture. Additionally, Noor presents authority stating that rape and violence against women are prevalent in Kenyan refugee camps. Noor argues that, in light of the violence he had witnessed for nearly his entire life, his actions should be viewed only as a misguided attempt to express love and affection and that he had no intent to commit forcible sexual abuse or lewdness. Noor also argues that his lack of fluency in the English language and his intoxication impaired his ability to understand J.E.'s demands that he stop his advances and leave her apartment.

¶7     Noor's motion for a directed verdict did not bring these specific issues to the district court's attention. His directed verdict motion stated, in its entirety, "I would just move to—move for a directed verdict of acquittal based on insufficiency of the evidence." The State offered no comment on the motion, and the district court immediately denied it. This exchange did not apprise the district court that Noor was asserting that his cultural background, intoxication, and difficulties understanding English rendered him unable to form the requisite intent as to the crimes charged against him. Thus, his argument on appeal "was not presented to the trial court in such a way that it could have understood and ruled on it." *See Santonio*, 2011 UT App 385, ¶ 29.

¶8     Noor's insufficiency of the evidence argument on appeal was not specifically presented to the district court and is thus not preserved for appeal. Accordingly, we decline to address the merits of Noor's argument, and we affirm his convictions.

20110198-CA                                      3

_____

William A. Thorne Jr., Judge

-----

¶9     WE CONCUR:


_____

Carolyn B. McHugh,
Presiding Judge


_____

Gregory K. Orme, Judge