**2014 UT App 186**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
DARYL GRAZIANO,
Defendant and Appellant.

Memorandum Decision
No. 20111063-CA
Filed August 7, 2014

Second District Court, Farmington Department
The Honorable David M. Connors
No. 111700528

Scott L. Wiggins, Attorney for Appellant

Sean D. Reyes and Brett J. DelPorto, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES JAMES Z. DAVIS and STEPHEN L. ROTH
concurred.

CHRISTIANSEN, Judge:

¶1     Defendant Daryl Graziano appeals the sentence imposed by
the trial court after Defendant pled guilty to two counts of
attempted sexual exploitation of a minor. Defendant requests that
we vacate his sentence and remand for resentencing. We affirm.

¶2     On August 23, 2011, Defendant pled guilty to two counts of
attempted sexual exploitation of a minor, both third-degree
felonies. *See* Utah Code Ann. § 76-5a-3 (LexisNexis Supp. 2010)
(current version at Utah Code Ann. § 76-5b-201 (LexisNexis 2012)).
Thereafter, Adult Probation and Parole (AP&P) prepared a

Presentence/Postsentence Report (PSR) and recommended that Defendant be sentenced to prison. Also, at the request of Defendant's defense counsel, a psychologist prepared a Psychosexual Evaluation of Defendant. At the sentencing hearing, the trial court acknowledged that it had received and reviewed both the PSR and the Psychosexual Evaluation. After both the State and defense counsel acknowledged that they too had reviewed the reports, the State confirmed that it agreed with AP&P's recommendation that Defendant be committed to prison. The court then stated, "All right. Comments from the defendant or defense counsel[?]" Defense counsel addressed the court on Defendant's behalf and asked the court to depart from the prison recommendation, referring the court to a letter prepared by the same psychologist who had prepared the Psychosexual Evaluation. In that letter, the psychologist opined that Defendant's perspective of his crimes had changed during the course of his treatment sessions. Based on that letter, defense counsel argued that Defendant should be allowed to continue his therapy and not be sentenced to prison. However, based on Defendant's prior history as described in the PSR and the assessment in the Psychosexual Evaluation that Defendant still posed a "moderate risk" for reoffending, the court sentenced Defendant to concurrent terms of zero to five years in prison. Defendant did not speak during the sentencing hearing.

¶3      On appeal, Defendant argues that the trial court violated his right to allocution and due process by imposing a prison sentence without providing him an opportunity to address the court with information in mitigation of punishment. Because Defendant failed to preserve this issue before the trial court, he argues that we should review his claim under the doctrine of plain error. To prevail under plain-error review, Defendant "must demonstrate three elements. First, he must establish that an error did in fact occur. Second, he must establish that the error should have been obvious to the trial court. Third, [he] must establish that the error was harmful . . . ." *State v. Candland*, 2013 UT 55, ¶ 22, 309 P.3d 230

(omission in original) (citation and internal quotation marks omitted).

¶4    In order to determine whether the trial court erred in sentencing Defendant, we first examine a defendant's right to allocution. In *State v. Anderson*, the Utah Supreme Court observed that the right to allocution "is an inseparable part" of a defendant's right under the Utah Constitution to be present in a criminal prosecution. 929 P.2d 1107, 111 (Utah 1996); *see also* Utah Const. art. I, § 12 ("[T]he accused shall have the right to appear and defend in person and by counsel . . . ."). The Utah Rules of Criminal Procedure also codify a criminal defendant's right to allocution. Rule 22(a) provides that "[b]efore imposing sentence[,] the court shall afford the defendant an opportunity to make a statement and to present any information in mitigation of punishment, or to show any legal cause why sentence should not be imposed." Utah R. Crim. P. 22(a). Our supreme court has explained that "from both the plain language of rule 22 and the approach of other jurisdictions with similar rules, . . . the 'shall afford' language requires trial courts to affirmatively provide the defense an opportunity to address the court and present reasonably reliable and relevant information in the mitigation of a sentence." *State v. Wanosik*, 2003 UT 46, ¶ 23, 79 P.3d 937. In this context, the "defense" refers to both the defendant and defense counsel. *Id.* ("'[T]he defendant, himself, must be given such opportunity and some conduct of the court must let the defendant know that he, as well as counsel, has this right.'" (emphasis omitted) (quoting *United States v. Byars*, 290 F.2d 515, 517 (6th Cir. 1961))); *see also State v. Rodrigues*, 2009 UT 62, ¶ 40, 218 P.3d 610 (explaining that a defendant's right to allocution is satisfied "so long as the [sentencing] hearing was held in [the defendant's] presence and [the] defendant had an opportunity to speak" (citation and internal quotation marks omitted)).

¶5    In order for a trial court to "affirmatively provide" the defense an opportunity for allocution, the supreme court has instructed that a "simple verbal invitation or question will suffice,

but it is the court which is responsible for raising the matter." *Wanosik,* 2003 UT 46, ¶ 23. Violations of a defendant's right to allocution usually involve situations where the court has prevented or prohibited the defendant from speaking altogether or imposed sentence in the defendant's absence. For example, in *State v. Udy,* this court determined that a defendant was not "afforded his right to allocution" because "the trial court refused to hear any statement in mitigation" from either the defendant or defense counsel during a sentencing review hearing. 2012 UT App 244, ¶¶ 28–29, 286 P.3d 345.

¶6     Here, Defendant argues that the sentencing-hearing transcript and record on appeal demonstrate that the trial court failed to invite or otherwise provide Defendant a personal opportunity to address the court prior to the imposition of a prison sentence. We disagree. At the sentencing hearing, after the trial court acknowledged that it had received and reviewed both the PSR and Psychosexual Evaluation, the court explicitly invited the defense to allocute, saying, "All right. Comments from the defendant or defense counsel[?]" It is true that, technically, the court's invitation is framed in the disjunctive, thereby suggesting that only defense counsel or Defendant, and not both, were invited to speak. However, taken in context, the court's use of the disjunctive did not limit either Defendant's or defense counsel's opportunity to speak. That is, the context of the subsequent exchange between the court and defense counsel demonstrates that Defendant and his counsel understood the invitation to have applied to both of them. Defense counsel responded to the court's invitation by telling the court, "[W]e would ask the Court to depart from the recommendation in this case." (Emphasis added.) Because counsel said "we"—referring to himself and Defendant—as opposed to "I," we infer that Defendant and his counsel had previously discussed the issues relevant to Defendant's sentencing and were in agreement on how to proceed. Defense counsel thoroughly presented to the court information and argument as to why the court should not follow AP&P's recommendation for prison. For instance, defense counsel attempted to rebut the

information in the PSR by referencing the psychologist's opinion that Defendant had made progress in treatment. Furthermore, it was the court, not Defendant or defense counsel, that initially "rais[ed] the matter" of affirmatively providing Defendant with a personal opportunity to address the court. *See Wanosik*, 2003 UT 46, ¶ 23. The court gave Defendant a "simple verbal invitation" to allocute. *See id.* That Defendant relied on defense counsel to speak on his behalf does not invalidate the court's invitation. Thus, we conclude that the trial court fulfilled its obligation of affording Defendant his right to allocution, and accordingly, Defendant's claim of plain error fails because he cannot demonstrate that an error occurred below.[1]

¶7     Defendant also argues that defense counsel rendered ineffective assistance by failing to affirmatively request that the sentencing court allow Defendant to address the court at sentencing. To establish ineffective assistance of counsel, Defendant "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, Defendant must show defense counsel's decision not

---

1. Additionally, Defendant argues that pursuant to rule 22(e) of the Utah Rules of Criminal Procedure, his sentence "was both illegal and imposed in an illegal manner" because the trial court violated his right to allocution under rule 22(a). *See* Utah R. Crim. P. 22(e) ("The court may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time."); *see also State v. Samora*, 2004 UT 79, ¶ 13, 99 P.3d 858 ("[A] sentence imposed in violation of rule 22(a) . . . may be considered a 'sentence imposed in an illegal manner' under rule 22(e)."). He thus asks us to vacate his sentence and remand for resentencing. However, because we determine that the trial court affirmatively provided Defendant with an opportunity for allocution during the sentencing hearing, the sentence imposed did not violate rule 22(a). Therefore, Defendant's rule 22(e) challenge also fails.

to specifically request that Defendant have a personal opportunity to address the court "fell below an objective standard of reasonableness." *Id.* at 688. Because we determine that the court affirmatively provided the defense with an opportunity for allocution and did not prohibit or restrict Defendant himself from speaking, defense counsel need not have separately requested that the court allow Defendant to personally address the court, particularly where counsel adequately and effectively addressed the court on Defendant's behalf. We readily conclude that it was objectively reasonable for defense counsel to refrain from requesting something the court had already provided. Defendant cannot therefore establish that defense counsel performed deficiently.

¶8     Affirmed.

———————