2014 UT App 228

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
STEVEN SHANE TINGEY,
Defendant and Appellant.

Memorandum Decision
No. 20120797-CA
Filed September 25, 2014

Second District Court, Farmington Department
The Honorable David M. Connors
No. 071701372

Scott L. Wiggins, Attorney for Appellant

Sean D. Reyes and Daniel W. Boyer, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum Decision, in which JUDGES STEPHEN L. ROTH and JOHN A. PEARCE concurred.

CHRISTIANSEN, Judge:

¶1 Defendant Steven Shane Tingey appeals from the revocation of his probation and the imposition of a previously suspended prison term. We affirm.

¶2 In 2008, Defendant pled guilty to aggravated assault, a third degree felony. The trial court sentenced Defendant to an indeterminate prison term, suspended the prison sentence, imposed a jail term of 365 days, and placed him on probation. In February 2012, Defendant appeared before the trial court after the State charged him with several new felonies. During this hearing,

Defendant pled guilty to one count of attempted sexual abuse of a child, one count of failing to register as a sex offender, and one count of bail-jumping. Defendant admitted that, with respect to his original assault case, he violated the terms of his probation by committing the new offenses of bail-jumping and failing to register as a sex offender. In August 2012, Defendant appeared before the trial court to be sentenced on the new felony convictions and the probation violations. The court sentenced Defendant to a prison term of zero to five years for each new felony charge to which he had pled guilty and ordered those sentences to run concurrently with each other. The court also revoked Defendant's probation for his original assault conviction, imposed the previously suspended zero-to-five-year prison sentence, and ordered that this sentence run consecutively to the sentences imposed for the new felonies.

¶3     On appeal, Defendant first argues that the trial court failed to consider that the requisite statutory factors and therefore erred in ordering the sentence in Defendant's original assault case to run consecutively to the sentences imposed in the new felony cases. In determining whether sentences "are to run concurrently or consecutively, the court shall consider the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant." Utah Code Ann. § 76-3-401(2) (LexisNexis 2012). The record does not reflect, however, that Defendant preserved this issue for appellate review. Generally, in order to preserve an issue for appellate review, a party must make "a timely and specific objection" before the trial court. *State v. Winfield*, 2006 UT 4, ¶ 14, 128 P.3d 1171 (citation and internal quotation marks omitted). Additionally, "appellate courts will not consider an issue . . . raised for the first time on appeal unless the trial court committed plain error or the case involves exceptional circumstances." *State v. Dean*, 2004 UT 63, ¶ 13, 95 P.3d 276. Here, Defendant has not demonstrated that he specifically objected to or otherwise brought to the trial court's attention the court's alleged failure to consider the requisite statutory factors in imposing sentence. Defendant argues that although defense counsel may have "somewhat inartfully

presented" the issue below, the issue was nevertheless raised "in such a manner so as to provide the trial court with 'an opportunity to address the claimed error, and if appropriate, correct it.'" (Quoting *State v. Noor*, 2012 UT App 187, ¶ 5, 283 P.3d 543.) To support his preservation argument, Defendant cites the following statements made by defense counsel to the court during the sentencing hearing:

> As the Court will recall the agreement and the plea agreement on [the new felonies] was that we had agreed he had entered these pleas with the agreement that they would be run concurrent, and that was the recommendation of the State in this matter.
>
> Other than that, contrary to what the recommendation AP&P were recommending, we would concur in the recommendations and run all three of these matters concurrent, including the probation violation. As I said, he has spent three years in custody on these—while these two newer matters were pending anyway, your Honor.

While these statements indicate that defense counsel requested that the sentences all run concurrently, we conclude that counsel's statements were insufficient to alert the trial court to the specific error Defendant now claims on appeal—that the court failed to consider relevant statutory factors before it imposed a consecutive prison term. Defendant's claim is therefore unpreserved. Because Defendant does not argue that plain error or exceptional circumstances permit our review of this claim, we decline to consider it further.

¶4     In a related but distinct claim on appeal, Defendant argues that defense counsel rendered ineffective assistance by failing to "clearly and specifically" demonstrate to the trial court that the State had explicitly agreed to recommend concurrent sentencing.

To establish a claim of ineffective assistance of counsel, Defendant "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Trial counsel performs deficiently when "counsel's representation [falls] below an objective standard of reasonableness." *Id.* at 688. Closely linked with this standard is the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Therefore, to demonstrate that defense counsel performed deficiently here, Defendant must convince us that counsel did, in fact, fail to bring to the court's attention the State's agreement to recommend concurrent sentencing and that failing to do so was a "specific act[] or omission[] that fell outside the wide range of [reasonable] professional assistance." *See State v. Chacon*, 962 P.2d 48, 50 (Utah 1998). Defendant has not met this burden.

¶5 The record reveals that defense counsel consistently and repeatedly alerted the trial court to the State's purported agreement to recommend concurrent sentencing on all of Defendant's cases. During the February 2012 hearing, defense counsel explained to the trial court his understanding of the terms of Defendant's plea agreement with the State:

> [DEFENSE COUNSEL]: Your Honor, our understanding, I think that the prosecution and I had—although I did not put it on our plea agreements—would be that the two matters that he pled to today would be run concurrent with this matter . . . .
>
> [PROSECUTOR]: The State has no objection to that.
>
> THE COURT: All right. Well, we'll address that at sentencing, obviously, but thank you for putting that on the record. . . .

These statements by defense counsel and, in particular, the court's acknowledgment of that agreement on the record, indicate that defense counsel explicitly informed the trial court of the State's purported agreement to recommend concurrent sentencing.

¶6     Defense counsel repeated his understanding of the nature of the plea agreement at the sentencing hearing:

> [DEFENSE COUNSEL:] As the Court will recall the agreement and the plea agreement on [the new felonies] was that we had agreed he had entered these pleas with the agreement that they would be run concurrent, and that was the recommendation of the State in this matter.
>
> Other than that, contrary to what the recommendation AP&P were recommending, we would concur in the recommendations and run all three of these matters concurrent, including the probation violation. . . .
> . . . .
> [PROSECUTOR]: Your Honor, that was the case in relation to [the new felonies] it was part of the plea agreement that the State would recommend—part of the plea agreement was that those two cases run concurrent, but [the probation violation on the original assault case] was not part of that plea agreement. Other than [that] the State will submit. . . .
> . . . .
> [DEFENSE COUNSEL]: I wanted—my understanding, although—and it's not written in the plea agreements, but my understanding when we spoke with and negotiated that we could—we would agree to run everything concurrent. So [the State] and I have a little bit of a miscommunication there concerning the probation violation [in the original

> assault case]. Our understanding was that the agreement was a recommendation to run everything concurrent, but I will—understanding that we did not specifically include that verbiage in the two plea agreements that we did [sign].

From these exchanges, it is clear that defense counsel repeatedly conveyed to the trial court his understanding of the terms of the plea agreement and, specifically, the State's role in that agreement. That the State ultimately disagreed with defense counsel's characterization of the plea agreement does not change this fact. Defendant has identified no other record evidence suggesting that defense counsel failed to demonstrate to the court the State's agreement to recommend concurrent sentencing; indeed, the record reveals the opposite to be true. Nor has Defendant proffered what more defense counsel should have done to alert the court to the purported agreement for concurrent sentencing on all of Defendant's pending matters. Therefore, Defendant has not identified a "specific act[] or omission[] that fell outside the wide range of professional assistance." *See Chacon*, 962 P.2d at 50. As a result, he is unable to establish that defense counsel performed deficiently, and his claim of ineffective assistance fails.

¶7 Defendant next argues that the trial court deprived him of his right to allocution and due process by imposing a prison sentence without granting him an opportunity to address the court with information in mitigation of punishment. Defendant concedes that this claim is not preserved; he thus raises it under the doctrine of plain error. To prevail under plain error review, Defendant must satisfy three elements: "First, he must establish that an error did in fact occur. Second, he must establish that the error should have been obvious to the trial court. Third, [he] must establish that the error was harmful." *State v. Candland*, 2013 UT 55, ¶ 22, 309 P.3d 230 (citation and internal quotation marks omitted).

¶8 The right to allocution "is an inseparable part" of a defendant's right under the Utah Constitution to be present in a

criminal prosecution. *State v. Anderson,* 929 P.2d 1107, 1111 (Utah 1996); *see also* Utah Const. art. I, § 12 ("[T]he accused shall have the right to appear and defend in person and by counsel."). Additionally, rule 22(a) of the Utah Rules of Criminal Procedure codifies a criminal defendant's right to allocution. Rule 22(a) provides that "[b]efore imposing sentence[,] the court shall afford the defendant an opportunity to make a statement and to present any information in mitigation of punishment, or to show any legal cause why sentence should not be imposed." Utah R. Crim. P. 22(a). Based on "both the plain language of rule 22 and the approach of other jurisdictions with similar rules," our supreme court has explained that "the 'shall afford' language requires trial courts to affirmatively provide the defense an opportunity to address the court and present reasonably reliable and relevant information in the mitigation of a sentence." *State v. Wanosik*, 2003 UT 46, ¶ 23, 79 P.3d 937. In this context, the "defense" refers to both the defendant and defense counsel. *See id.* ("[B]oth the defendant and counsel shall be affirmatively afforded an opportunity to make a statement, present any information in mitigation of punishment, or show any legal cause why sentence should not be imposed."). A trial court can "affirmatively provide" the defense an opportunity for allocution by extending a "simple verbal invitation or question," but "it is the court which is responsible for raising the matter." *Id*.

¶9      A violation of a defendant's right to allocution usually arises where a trial court has prevented or prohibited the defendant from speaking altogether or imposed sentence in the defendant's absence. In *State v. Udy*, for instance, this court determined that a defendant was not "afforded his right to allocution" because "the trial court refused to hear any statement in mitigation" from either the defendant or defense counsel during a sentencing review hearing. 2012 UT App 244, ¶¶ 28–29, 286 P.3d 345; *see also State v. Legg*, 2006 UT App 367U, paras. 1, 6 (holding that the trial court violated the defendant's allocution rights "when the court sentenced him without allowing him to offer mitigating remarks"); *State v. Wanosik,* 2001 UT App 241, ¶ 32, 31 P.3d 615 (holding that

the trial court violated the defendant's allocution rights when the court, in the defendant's absence, did not "afford[] defense counsel an opportunity to present information in mitigation of punishment"), *aff'd*, 2003 UT 46, 79 P.3d 937. In sum, a defendant's right to allocution is satisfied "so long as the [sentencing] hearing was held in [the defendant's] presence and [the] defendant had an opportunity to speak." *State v. Rodrigues*, 2009 UT 62, ¶ 40, 218 P.3d 610 (citation and internal quotation marks omitted); *see also State v. Graziano*, 2014 UT App 186, ¶ 6.

¶10 Here, after defense counsel explained to the court his understanding of the nature of the plea agreement, as cited above, the court asked defense counsel, "All right. Anything further?" to which counsel responded, "Not at this time, your Honor." The court then asked the State for its input. Once the State responded and submitted the cases for sentencing, and before the court actually imposed sentence, the court again asked the defense, "Okay. Any final words?" Defense counsel responded, "I don't believe so, your Honor." This exchange constitutes a "simple verbal invitation or question" extended by the court, *see Wanosik*, 2003 UT 46, ¶ 23, followed by a response from defense counsel, who was authorized to speak on Defendant's behalf. Defendant argues that this invitation is insufficient to satisfy the court's obligation to extend Defendant a personal opportunity to allocute, because the court did not "explicitly" invite Defendant himself to present any information in mitigation of punishment. But Defendant has failed to identify any legal support for the proposition that a sentencing court must explicitly extend to a defendant a separate, verbal invitation for allocution. Rather, what is required is that "'*some conduct of the court* must let the defendant know that he, as well as counsel,'" has an opportunity to address the court. *Id.* (additional emphasis omitted) (quoting *United States v. Byars*, 290 F.2d 515, 517 (6th Cir. 1961)). Here, given the context of the exchange between the court, defense counsel, and the State, the court's invitation for "[a]ny final words" signaled to Defendant that he had an opportunity to address the court. This invitation came only after the court had asked for and received comment from the State and,

more importantly, asked defense counsel if he had "[a]nything further" to add, to which counsel responded, "Not at this time, your Honor." That Defendant apparently relied on defense counsel to respond on his behalf does not invalidate the court's invitation to Defendant to address the court. *See Graziano,* 2014 UT App 186, ¶ 6. We thus conclude that the trial court fulfilled its obligation to afford Defendant his right to allocution. Accordingly, the trial court did not commit plain error because no error occurred. *See Candland,* 2013 UT 55, ¶ 22 ("To prevail under plain error review, a defendant must demonstrate . . . that an error did in fact occur." (citation and internal quotation marks omitted)).[1]

¶11   Finally, Defendant contends that defense counsel rendered ineffective assistance by failing to affirmatively request that the trial court allow Defendant to address the court at sentencing. Even assuming Defendant could establish deficient performance by defense counsel in this regard, Defendant has not demonstrated that this alleged deficiency prejudiced him. In order to establish an ineffective assistance of counsel claim, proof of prejudice based on trial counsel's omissions must be rooted in "a demonstrable reality and not a speculative matter." *State v. Chacon,* 962 P.2d 48, 50 (Utah

---

1. Defendant also requests that we vacate his sentence and remand for resentencing pursuant to rule 22(e) of the Utah Rules of Criminal Procedure. Defendant asserts that his sentence "was both illegal and imposed in an illegal manner" because the trial court violated his right to allocution under rule 22(a). "The court may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time." Utah R. Crim. P. 22(e); *see also State v. Samora,* 2004 UT 79, ¶ 13, 99 P.3d 858 ("[A] sentence imposed in violation of rule 22(a) . . . may be considered a 'sentence imposed in an illegal manner' under rule 22(e)."). However, because we determine that the trial court affirmatively provided Defendant with an opportunity for allocution during the sentencing hearing, the sentence imposed did not violate rule 22(a). Consequently, Defendant's rule 22(e) challenge also fails.

1998) (citation and internal quotation marks omitted). Here, Defendant merely asserts that

> [h]ad the sentencing court been alerted of its affirmative duty, the court more likely than not would have duly allowed Defendant the opportunity to address the court and present information in mitigation of punishment, which, in turn would have allowed the sentencing court to more fully and accurately consider AP&P's recommendation for imprisonment at sentencing.

Defendant does not specify what, if any, mitigating evidence he would have proffered apart from what his counsel and the presentence reports had already addressed. Without this information, we are left to speculate as to what Defendant might have said. His ineffective assistance of counsel claim therefore fails.

¶12    Affirmed.

_____