2015 UT App 91

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
GRACE C. KELSON,
Defendant and Appellant.

Memorandum Decision
No. 20100299-CA
Filed April 16, 2015

Third District Court, Salt Lake Department
The Honorable Judith S.H. Atherton
No. 041901548

Stephen W. Howard, Attorney for Appellant

Sean D. Reyes and Karen A. Klucznik, Attorneys
for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES JAMES Z. DAVIS and JOHN A. PEARCE concurred.

ORME, Judge:

¶1     This case returns to us on remand from the Utah Supreme Court. *See State v. Kelson* (*Kelson II*), 2014 UT 50, ¶ 27. The sole issue on remand is whether the trial court violated Defendant Grace C. Kelson's due process rights and rule 22(a) of the Utah Rules of Criminal Procedure when it sentenced her without receiving or reviewing certain documents. We conclude it did not.

¶2     In 2009, Defendant was convicted of one count of offering or selling unregistered securities, a third degree felony; one count of sale by an unlicensed broker-dealer, agent, or investment advisor, a third degree felony; three counts of securities fraud, each a second degree felony; and one count of

pattern of unlawful activity, a second degree felony. Defendant appealed.

¶3 On appeal, we concluded that one of the jury instructions at Defendant's trial unconstitutionally shifted the burden of persuasion from the State to Defendant, that Defendant's trial counsel was ineffective for stipulating to the jury instruction, and that the trial court erred in denying Defendant's motion for a directed verdict with respect to the pattern-of-unlawful-activity charge because Defendant's activities did not constitute a pattern of unlawful activity as a matter of law. *See State v. Kelson* (*Kelson I*), 2012 UT App 217, ¶ 49, 284 P.3d 695. Consequently, we vacated Defendant's conviction for pattern of unlawful activity and reversed and remanded for a new trial on the remaining charges. *See id.* The State filed a petition for certiorari, which the Utah Supreme Court granted. *See Kelson II*, 2014 UT 50, ¶ 10.

¶4 The Supreme Court upheld the jury instruction as an accurate statement of law, reversed our decision on the ineffective assistance of counsel issue, and rejected Defendant's plain error argument regarding the jury instruction.[1] *See id.* ¶ 14. The Court remanded the case to us for consideration of one issue that we declined to address in *Kelson I* because our resolution of the aforementioned issues was dispositive of the case. *See id.* ¶ 27; *Kelson I*, 2012 UT App 217, ¶ 48 n.14. We now consider that issue.

¶5 Defendant argues that the trial court violated her due process rights and rule 22(a) of the Utah Rules of Criminal Procedure by "failing to receive or review . . . documents offered by [her] at sentencing," which failure, she contends, undermined

---

1. The State did not challenge our reversal of Defendant's conviction for pattern of unlawful activity. *See Kelson II*, 2014 UT 50, ¶ 10 n.1.

her right of allocution. Defendant's arguments present questions of law, "which we review for correctness, granting no particular deference to the conclusions of the trial court." *State v. Wanosik (Wanosik I)*, 2001 UT App 241, ¶ 9, 31 P.3d 615, *aff'd*, 2003 UT 46, 79 P.3d 937.

¶6      The right of allocution allows a defendant to "make a statement in mitigation or explanation after conviction but before sentencing." *State v. Wanosik (Wanosik II)*, 2003 UT 46, ¶ 18, 79 P.3d 937. "In Utah, allocution is both a constitutional and statutory right." *State v. Udy*, 2012 UT App 244, ¶ 25, 286 P.3d 345. Our Supreme Court has "explained that the right to allocution 'is an inseparable part of the right to be present' guaranteed by the Utah Constitution." *Id.* (quoting *State v. Anderson*, 929 P.2d 1107, 1111 (Utah 1996)). The right of allocution is also codified in the Utah Rules of Criminal Procedure: "Before imposing sentence the court shall afford the defendant an opportunity to make a statement and to present any information in mitigation of punishment, or to show any legal cause why sentence should not be imposed." Utah R. Crim. P. 22(a).

¶7      Our Supreme Court has identified two purposes for the right to allocution: (1) "to provide the defendant personally with an opportunity to address the court" and (2) "to ensure that the judge is provided with reasonably reliable and relevant information regarding sentencing." *Wanosik II*, 2003 UT 46, ¶ 19. The "defendant's right to allocution is satisfied 'so long as the [sentencing] hearing was held in [the defendant's] presence and [the] defendant had an opportunity to speak.'" *State v. Tingey*, 2014 UT App 228, ¶ 9, 336 P.3d 608 (alterations in original) (quoting *State v. Rodrigues*, 2009 UT 62, ¶ 40, 218 P.3d 610).

¶8      At Defendant's sentencing hearing on March 5, 2010, she said that she "would like to ask for a continuance and to prepare for [her] sentencing" and that she had "some motions that [she] would like to present" and "some new documents and evidence

that needs to be seen before" sentencing. The trial court denied Defendant's request for a continuance:

> The motion . . . is denied. You made the motion last week, I set it over, I told you [that you] would be sentenced, making the observation that this matter was set for sentencing April 17th of 2009, and I have been prepared to go forward since [that] date and I believe the State has as well.[2]

---

2. Defendant's sentencing hearing was originally set for April 17, 2009. On that date, the trial court granted Defendant's then-counsel's motion to withdraw and appointed a public defender. The trial court continued sentencing to May 1, 2009, on which date it granted Defendant's request for a continuance so that her counsel could research the possibility of filing a motion to arrest judgment, and the court set the matter for a scheduling conference on July 31, 2009. When that day came, the trial court granted Defendant's request for another continuance. On October 16, 2009, the trial court again granted Defendant's request for a continuance. On November 6, 2009, the trial court granted Defendant's motion for a further continuance "for three weeks for her to file a motion for arrest of judgment" and set the matter for January 29, 2010. On the latter date, Defendant's counsel reported to the trial court that filing a motion to arrest judgment was not in Defendant's best interest but that Defendant was not prepared to be sentenced that day. The trial court then granted Defendant's request for yet another continuance.

At Defendant's sentencing hearing on February 26, 2010, she requested that she be allowed to represent herself. The trial court strongly advised Defendant against representing herself but ultimately accepted Defendant's waiver of counsel. The trial court continued sentencing to March 5, 2010, and appointed standby counsel. Before the February 26 hearing concluded, Defendant told the trial court that she needed "about a month to prepare" for sentencing, to which the trial court responded, "No.

(continued…)

¶9     Defendant then spoke, uninterrupted, at some length:

> Your Honor, I have some documents and some new evidence that needs to be seen before sentencing . . . . I have documents that even my son, who is here in Court, has brought these documents, I have not had a chance to meet with my standby counsel, but he is here with the documents that I would like to present to the Court so you can take a look at this, because I—I think it's very important.
>
> . . . I have been prevented to—from testifying. I have proof of that. And I would like to present that to the Court. . . .
>
> Through the whole trial and before, I was prepared to testify. My attorney prevented me from testifying, very actively. I would like to also subpoena Officer Jason, I have spoken with him, to testify that he saw me arguing with my attorney in order to testify.
>
> Also, Attorney Kim Clark is going to testify for me that my attorney did not even pick up the boxes of documents, he was not prepared, he lied to me. . . .
>
> . . . .
>
> . . . And I would like to have a chance to meet with the prosecutor to present these documents because I think the prosecutor should see, not only these documents, but other documents that my attorney did not present during the trial and they would clear my name.
>
> . . . .

---

(…continued)
This thing has been prepared for . . . close to a year, and I know that you know what's going on." Defendant was finally sentenced on March 5, 2010.

So, I'm asking your Honor, please, to give me a chance to see these things, will be just a very short time, I am totally ready to have this move forward very fast, because I have all the documents and if your Honor can please look at this, I would respectfully [suggest] that these documents need[] to be seen by your Honor and by the prosecutor and they are readily available for the Court[] to see it.

And so, I would, please, your Honor, request that you give me a—an extension, a very short extension, so I can get these things presented to you properly, the way it should be done. . . .

The trial court did not respond to Defendant's statements; rather, it then asked the prosecutor if the State had any recommendations for sentencing. After hearing from the prosecutor, the trial court announced Defendant's sentences.

¶10    After reviewing the transcript of Defendant's sentencing hearing, we conclude that she was not denied her right of allocution. Defendant was present for her sentencing hearing and the trial court afforded her an opportunity to address the court. She spoke at length, without interruption. Although Defendant stated that she had information in the form of documents that she wanted the trial court to see before sentencing, indicating that the documents were in the courtroom with her son, she never actually attempted to give those documents to the trial court. Instead, she sought to postpone her sentencing yet again by asking for an additional continuance so that she could present the documents to the prosecutor and the trial court "properly."

¶11    It is far from clear that the documents had anything to do with sentencing. Defendant did not contend that the documents bore on her rehabilitative prospects, remorse, determination to make full restitution, lack of a prior criminal record, or anything else germane to sentencing. *See State v. Samul*, 2015 UT App 23,

¶ 20, 343 P.3d 719 (concluding that the defendant's right to allocution was satisfied where the defendant himself had an opportunity to speak and his counsel also urged the court to consider mitigating factors such as the defendant's "claimed remorse for his conduct, his efforts at rehabilitation, and his character and work ethic"). *See also United States v. Kellogg*, 955 F.2d 1244, 1250 (9th Cir. 1992) (noting that the right to allocution "is not unlimited" and concluding that the defendant's right to allocution was not violated when the district court interrupted defendant as he spoke of "giant loopholes" in the tax laws, "scorned the IRS as incompetent," and discussed "the problem of the national debt[] and the fall of Eastern Europe"). Instead, Defendant asserted that the documents established that she had been wrongly convicted because, according to her, the documents demonstrated her innocence but were ignored by her attorney, who allegedly precluded her from testifying at trial.

¶12    Beyond Defendant's bald assertions at sentencing that she had proof that her attorney prevented her from testifying and documents that would clear her name, we simply do not know what those documents actually said. Under rule 30 of the Utah Rules of Criminal Procedure, an appellant is required to show that her "substantial rights" were affected by an error to warrant a remedy on appeal. *See* Utah R. Crim. P. 30(a) ("Any error, defect, irregularity or variance which does not affect the substantial rights of a party shall be disregarded."). Here, Defendant has neither entered the documents into the record nor explained how they would likely have led to a lesser sentence than the one that was imposed. Thus, even assuming the court erred by not accepting documents that were never offered and even assuming, despite appearances, that the documents somehow bore on sentencing, Defendant has failed to demonstrate how she was harmed by the fact that the trial court did not receive or consider the documents. To be clear, we are unable to determine whether the documents were even relevant to sentencing, much less whether Defendant's substantial rights were affected when the trial court did not consider them. *See Wanosik II*, 2003 UT 46, ¶ 19, 79 P.3d 937 (stating that one of the

purposes of the right to allocution is "to ensure that the judge is provided with reasonably reliable and relevant information regarding sentencing").

¶13    But even if the documents had some relevance to the business at hand, namely the proper sentence to be imposed on Defendant, the documents were in the courtroom during the sentencing hearing. A continuance was unnecessary. Defendant simply needed to actually offer the documents to the trial court if they bore on matters relevant to sentencing. Had Defendant presented the documents to the trial court, there is no reason to assume the trial court would have rejected them.[3]

¶14    Because Defendant never sought to submit her documents to the trial court for its consideration, the court did not err when it did not receive or consider them prior to sentencing. And Defendant has not provided any explanation regarding how she was harmed by the court's "failure" to receive or review the documents, which, as she described them, had no direct relevance to sentencing. Defendant was present at her sentencing hearing, had the opportunity to speak before she was sentenced, and, in fact, did speak. Accordingly, we conclude that the trial court fulfilled its obligation of affording Defendant her right to allocution. Her sentence is affirmed.

─────────

3. Even if Defendant is correct in arguing that the plain language of rule 22(a) "contemplates more than the defendant's right to make an oral statement" because the right includes the right to "present any information," including documents, the fact remains that Defendant simply did not offer the documents or proffer their contents to the trial court for its consideration in imposing sentence. *See* Utah R. Crim. P. 22(a). Instead, she used them as a basis for requesting a further continuance. Because she never sought to submit her documents to the trial court, the court could not have erred by failing to consider them.