2020 UT App 92

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
RAYMOND FAALILI TAPUSOA,
Appellant.

Opinion
No. 20190244-CA
Filed June 11, 2020

Third District Court, Salt Lake Department
The Honorable Paul B. Parker
No. 181912058

Herschel Bullen, Attorney for Appellant

Sean D. Reyes and Jonathan S. Bauer, Attorneys
for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES GREGORY K. ORME and RYAN M. HARRIS concurred.

MORTENSEN, Judge:

¶1     Raymond Faalili Tapusoa pled guilty to two felonies, and
the matter was set for sentencing. At the sentencing hearing,
Tapusoa sought to have his mother address the court. The
district court refused to hear from her directly but indicated that
any information she had could be relayed to the court via
Tapusoa's counsel. Tapusoa appeals his sentence, claiming the
district court erred in precluding his mother from addressing the
court directly. He also asserts his defense counsel rendered
ineffective assistance in failing to object to a restitution
determination made at that same hearing. We affirm the district
court's sentence and conclude that the ineffective assistance of
counsel claim fails.

BACKGROUND

¶2     In response to several charges the State brought against Tapusoa for criminal conduct related to his theft of a car from a home, Tapusoa pled guilty to one count of burglary and one count of possession of a firearm by a restricted person. The State dismissed the remaining charges. During the hearing, Tapusoa agreed to pay restitution for his offenses, including for the dismissed charges.

¶3     Prior to the sentencing hearing, the district court received an impact statement prepared by the victim and a pre-sentence report (PSR) prepared by Adult Probation and Parole (AP&P). The victim impact statement included an itemized list of expenses and losses attributable to Tapusoa's criminal conduct totaling $3,167.66. The PSR included a recommendation for that same amount for the victim's restitution.

¶4     After receiving those reports, the district court held a sentencing hearing. At the outset, defense counsel declared that she had "no corrections or additions" to the PSR, which included the restitution recommendation. The court then heard from a social worker for the defense and from defense counsel, who asked if Tapusoa's mother (Mother) could "address the court." The court, however, declined to hear from Mother directly, and instead directed defense counsel to "relay her information" to the court. Tapusoa's counsel thereafter conveyed Mother's frustrations with and hopes for Tapusoa, as well as her view that Tapusoa should be afforded an opportunity to receive some much-needed drug treatment.

¶5     Also at the hearing, the victim of Tapusoa's crimes testified at length and articulated that he had incurred "over $3,000" in damages for repairs to the stolen car, for missing and damaged personal property in the car at the time of the theft, and to replace locks on his house and other vehicles because those keys were stolen along with the car. The State then offered its remarks, including a recommendation for restitution in the

amount of $3,167.66, according to the itemized list provided. Defense counsel's sole comment related to restitution expressed that it would be harder for Tapusoa to make restitution if he were incarcerated; counsel did not object to the State's recommended restitution amount. The court invited Tapusoa to make a statement, which he did. The court then sentenced Tapusoa to concurrent prison terms for the convicted offenses and ordered Tapusoa to pay restitution in the amount of $3,167.66.

¶6 The day after the sentencing hearing, defense counsel filed an objection to the restitution amount and requested a hearing. The court subsequently held a hearing to address the objection. Despite the State's argument that Tapusoa had waived any objection to the restitution imposed at the sentencing hearing, the court invited defense counsel to offer her "objection about the [specific amount]." Defense counsel responded that she sought more specificity in the valuation of the claimed expenses and losses, opining that the amount was "not necessarily . . . too much," but that she wanted additional evidence that the expenses and losses were "fair market values" and proximately caused by Tapusoa's criminal conduct. The State, for its part, argued that in addition to being waived, the restitution amount should remain unchanged because it was sufficiently proved by evidence, including the AP&P recommendation, the victim's testimony, and the itemized list. The court resolved the issue, commenting that it was "going to . . . find that [section 77-38a-203(2) of the Utah Code] actually controls that as far as complete restitution." The district court judge explained, "I suppose the issue may be a little bit different if there was even now some specific information that one can interpret as some kind of objection. But what I'm getting right now is—is that they just want more receipts." The court declined to alter the previous restitution determination.

¶7 Tapusoa appeals.

ISSUES AND STANDARDS OF REVIEW

¶8    Tapusoa presents two issues on appeal. First, he asserts that the district court violated his due process right of allocution and rule 22(a) of the Utah Rules of Criminal Procedure by refusing to allow Mother to address the court at the sentencing hearing. Tapusoa's argument regarding his right of allocution presents a question of law, "which we review for correctness, granting no particular deference to the conclusions of the trial court." *See State v. Kelson*, 2015 UT App 91, ¶ 5, 348 P.3d 373 (cleaned up). However, inasmuch as Tapusoa challenges the district court's management of the manner in which information was presented at sentencing, we review his claim for abuse of discretion. *See State v. Daughton*, 2013 UT App 170, ¶ 18, 308 P.3d 537 ("The trial court has substantial discretion in conducting sentencing hearings . . . , and we will in general overturn the trial court's sentencing decisions only if we find an abuse of discretion." (cleaned up)). *Cf. Maxfield v. Herbert*, 2012 UT 44, ¶ 11, 284 P.3d 647 ("Within the bounds set by rule and statute, . . . a district court's management of its docket . . . is reviewed for an abuse of discretion." (cleaned up)).

¶9    Second, Tapusoa contends that his defense counsel rendered ineffective assistance by "failing to object to the court's order of restitution at the time of sentencing." "A claim of ineffective assistance of counsel raised for the first time on appeal presents a question of law, which we consider de novo." *State v. King*, 2018 UT App 190, ¶ 11, 437 P.3d 425 (cleaned up).

ANALYSIS

I. Rights at Sentencing

¶10    Tapusoa asserts that the district court violated his right of allocution and rule 22(a) of the Utah Rules of Criminal Procedure by refusing to allow Mother to directly address the court at the sentencing hearing. We disagree.

¶11 A defendant has "both a constitutional and statutory right to be heard before the trial court impose[s] sentence." *West Valley City v. Walljasper*, 2012 UT App 252, ¶ 12, 286 P.3d 948 (citing Utah Const. art. I, § 12; Utah R. Crim. P. 22(a)); *see also* Utah Const. art. I, § 7; *State v. Wanosik*, 2003 UT 46, ¶ 19, 79 P.3d 937. While "the right to allocution is nowhere specifically granted in either the State or the federal constitution," it is "an inseparable part of the right to be present." *Wanosik*, 2003 UT 46, ¶ 20 (cleaned up). A "defendant's right to allocution is satisfied so long as the sentencing hearing was held in the defendant's presence and the defendant had an opportunity to speak" to provide the court "with reasonably reliable and relevant information regarding sentencing." *State v. Kelson*, 2015 UT App 91, ¶ 7, 348 P.3d 373 (cleaned up).

¶12 Here Tapusoa was inarguably permitted his right of allocution. *See id.*; *see also State v. Apadaca*, 2015 UT App 212, ¶ 10, 358 P.3d 1124 ("Violations of a defendant's right to allocution usually involve situations where the court has prevented or prohibited the defendant from speaking altogether or imposed sentence in the defendant's absence." (cleaned up)). Tapusoa was personally present at the sentencing hearing and he was invited by the court to make a statement—an opportunity of which he availed himself. Accordingly, the court satisfied all that is required of it in affording Tapusoa the opportunity to make a statement while present at the sentencing hearing. *See Kelson*, 2015 UT App 91, ¶ 7. Thus, the court did not violate Tapusoa's right of allocution.

¶13 Relatedly, "rule 22(a) of the Utah Rules of Criminal Procedure codifies a criminal defendant's right to allocution." *State v. Tingey*, 2014 UT App 228, ¶ 8, 336 P.3d 608; *see also Wanosik*, 2003 UT 46, ¶ 21 (Rule 22(a) stems from right of allocution). Rule 22(a) provides, in relevant part, that "[b]efore imposing sentence the court must afford the defendant an opportunity to make a statement and to present any information

in mitigation of punishment, or to show any legal cause why sentence should not be imposed." Utah R. Crim. P. 22(a).[1] The rule "includes not only the defendant personally, but also the defendant's counsel," "affording defense counsel the opportunity to make a statement and provide information in mitigation of sentence" to ensure that "a defendant is afforded the Sixth Amendment right to counsel."[2] *Wanosik*, 2003 UT 46, ¶¶ 19–20.

¶14    In this case, the court did not violate rule 22(a). While that rule provides that a defendant and defense counsel be afforded an opportunity to make a statement and present information, it does not entitle others to make a statement for the defense, nor does it entitle the defense to present other information in any particular format. *See* Utah R. Crim. P. 22(a). Tapusoa provides us with no analysis or citation to legal authority suggesting that a defendant is entitled to dictate the means by which such other information is presented at sentencing. And our review of relevant case law suggests that a court possesses discretion to

---

1. *See also* Utah Code Ann. § 77-18-1(7) (LexisNexis Supp. 2018) (addressing testimony, evidence, and information that the defense or prosecution may present at sentencing). Because Tapusoa does not make any argument pursuant to this statute, we limit our discussion to the arguments Tapusoa raises: the right to allocution and rule 22 of the Utah Rules of Criminal Procedure.

2. Though not at issue here, we note as a matter of completeness that "the prosecution is also guaranteed an opportunity to present information to the court relevant to sentencing, ensuring fairness and balance in the sentencing process." *State v. Wanosik*, 2003 UT 46, ¶ 22, 79 P.3d 937; *see also* Utah Code Ann. § 77-18-1(7) ("At the time of sentence, the court shall receive any testimony, evidence, or information the defendant or the prosecuting attorney desires to present concerning the appropriate sentence.").

limit the manner in which such other information is presented. *See generally State v. Lindsey*, 2014 UT App 288, ¶ 13, 340 P.3d 176 (holding that the district court did not abuse its discretion in sentencing defendant without a presentence investigation where defendant had presented and the court had already "received all of the information that both the prosecutor and [defendant] wanted to present"); *State v. Senior*, 2005 UT App 389U, para. 6 ("However, even if the trial court did not physically read the evaluation, there was no prejudice to the defendant because both defendant and his counsel were allowed to address the trial court prior to sentencing, . . . and defendant's counsel thoroughly apprised the trial court of the relevant portions of the evaluation prior to the imposition of sentence." (cleaned up)). Thus, beyond the statements by a defendant and defense counsel, so long as the defense has an opportunity to present mitigating information to the court, a court may in its discretion place limits on the manner in which such information is presented to it at sentencing.

¶15   Here, although the district court refused to hear directly from Mother during the sentencing hearing, it received the information Tapusoa intended to present from Mother through other means. The information was presented in the subsequent statements made by defense counsel expressing Mother's views—which Tapusoa admits relayed, "after a fashion, some of what [Mother] would have said"[3]—and in the PSR, which

---

3. On appeal, Tapusoa does not identify what additional information relevant to the mitigation of his sentence Mother would have provided in her own words. He simply asserts that the proxy statement made by defense counsel "is hardly a substitute for hearing from [Mother] in her own voice and the full breadth and depth of what she wished to say to the court." Consequently, we are left to surmise that defense counsel adequately conveyed all the relevant *information* to the court on Mother's behalf, albeit without the heartfelt sincerity and

(continued…)

contained additional information from Mother about Tapusoa's support in the community and his readiness to address his "criminogenic factors." Accordingly, the court did not violate rule 22(a) by refusing to hear directly from Mother and did not abuse its discretion in requiring that the information Mother had to convey be presented through counsel.

## II. Ineffective Assistance of Counsel

¶16    Tapusoa contends that his defense counsel rendered ineffective assistance by "failing to object to the court's order of restitution at the time of sentencing." We disagree.

¶17    To prove ineffective assistance of counsel, a defendant must "establish both that counsel's performance was objectively deficient—meaning counsel rendered demonstrably deficient performance by objectively unreasonable conduct—and that the deficient performance prejudiced the defense—meaning there is a reasonable probability that, but for counsel's error, the defendant would have obtained a more favorable outcome." *State v. Peterson*, 2020 UT App 47, ¶ 18, 462 P.3d 421 (citing, among other cases, *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)), *petition for cert. filed*, May 22, 2020 (No. 20200419). Failure to prove either element defeats the ineffective assistance of counsel claim. *Id.* We do not need to "review the deficient performance element before examining the prejudice element," and "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *State v. Ricks*, 2018 UT App 183, ¶ 11, 436 P.3d 350 (cleaned up).

¶18    Here, Tapusoa concedes that no prejudice resulted— "specific items of concrete adversity cannot be articulated"—

---

(…continued)
personal perspective that only a concerned mother could bring to the court's attention.

from defense counsel's failure to object at the sentencing hearing. Tapusoa does not suggest, let alone demonstrate, that there was additional information available to defense counsel that would have bolstered the objection to the restitution amount or affected the outcome of the sentencing hearing. Because Tapusoa does not articulate how a timely objection would have had "some conceivable effect on the outcome of the proceeding," he cannot establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 693–94. Accordingly, Tapusoa does not show the prejudice required to establish ineffective assistance of counsel.

## CONCLUSION

¶19    The district court did not violate Tapusoa's right of allocution nor rule 22(a) of the Utah Rules of Criminal Procedure by refusing to allow Mother to address the court directly. And Tapusoa's ineffective assistance of counsel claim fails because Tapusoa has not demonstrated prejudice. We therefore affirm the sentence and the restitution imposed by the district court.

_____